## (December 16, 1965)

■ MANSION CARPETS, INC., Respondent, v. IRVING MARINOFF et al., Appellants.— Determination of the Appellate Term and judgment entered May 12, 1964 in the Civil Court, New York County, in favor of plaintiff after a jury trial, unanimously reversed on the law and the facts, and a new trial granted, without costs or disbursements. Plaintiff sued to recover upon a check issued by defendants for carpeting and floor tile installed by plaintiff in defendants' residence. Defendants counterclaimed for breach of warranty based on work not encompassed by the check. At the time of trial, plaintiff's claim on the check had been reduced to $415 by payment made after suit was begun. In defense, defendants offered proof of failure of consideration. The jury found for plaintiff on the $415 claim and awarded defendants $200 on their counterclaim. There must be a new trial because of the reversible error committed in instructing the jury that the check represented an unconditional promise to pay and was not subject to any defenses arising from claimed breaches of the contract pursuant to which payment was made by check. The requirement of the Uniform Commercial Code (§ 3–104, subd. [1], par. [b]) that a check contain an unconditional promise to pay applies only to the matter of the form of a negotiable instrument. As between the original parties payment by check is conditional (Uniform Commercial Code, § 2–511); and if the instrument is dishonored, action may be maintained on either the instrument or the obligation (Uniform Comercial Code, § 3–802, subd. [1], par. [b]). Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (Uniform Commercial Code, § 3–408). Although subdivision (2) of section 3–302 of the Uniform Commercial Code states a payee may be a holder in due course, it is obvious that plaintiff herein does not fall within the category of the type of payee contemplated by that section. Thus, the jury should have been permitted to consider defenses to the check based upon the original transaction. It would, however, be appropriate for defendants to amend their answer to plead failure of consideration as a defense. Moreover, the jury was apparently confused by the charge for it originally returned to announce a verdict for defendants on plaintiff's cause of action and for defendants on their counterclaim in the sum of $100. Only after the Trial Judge reiterated his direction that plaintiff was entitled to a verdict on the cause of action based on the check and sent the jury back for further deliberation, did the jury return with the verdict appealed from. In view of our conclusion as to the prejudicial effect of the erroneous charge, we are of the opinion that the interests of justice dictate a new trial as to defendants' counterclaims as well. Submission of the case on an erroneous theory may well have influenced the jury in its deliberations on the entire case. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.