**Joan D. GASKINS et vir, Appellants,**

v.

**Lehmann L. DUKE, Appellee.**

No. 15937.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 6, 1972.

Raeburn Norris, Houston, for appellants.

John Lohmann, III, Jarrold A. Glazer, Houston, for appellee.

PEDEN, Justice.

Plaintiffs appeal from the granting of a summary judgment in favor of the defendant in a suit on a check.

Plaintiffs' petition alleged that on or about November 16, 1970 the defendant had executed and delivered to them his check for $1000, thereby promising to pay that amount to their order. That defendant has failed to pay the check when it was presented for payment and still refuses to do so. Also that plaintiffs are the owners of the check and have agreed to pay a reasonable attorney's fee of $500 for filing this suit. The plaintiffs prayed for judgment for $1000 plus an attorney's fee of $500.

A copy of the check appears to be attached to the petition as an exhibit. It bears a notation "Escrow money" and another, "Payment Stopped."

Defendant's original answer consisted of a general denial plus a denial that any consideration was given for the check.

In his motion for summary judgment the defendant stated as his grounds that the plaintiffs' cause of action is based on a check and that there is no issue of fact raised by it that would give the plaintiffs any right of recovery. That the check is merely a written order of the defendant to make a payment and is executory in nature.

In his affidavit in support of his motion for summary judgment the defendant stated that he gave the $1000 check on November 16, 1970 payable to the plaintiffs, that he "did stop payment on this check because of the failure of any consideration running from Joan and Jerry Gaskins" and that there is no contract or paper of any kind in existence which binds or otherwise forces him to honor this check.

Plaintiff Joan Gaskins filed an affidavit in opposition to the defendant's motion for summary judgment. In it she related that on November 16, 1970 the defendant contracted with her husband and with her to buy their business, known as Briargrove Tropical Fish, and delivered his check for $1000 as escrow money on a total purchase price of $5000. That the plaintiffs carried

out their part of the contract, which was both oral and written on the check as shown by an attached exhibit. Further, that as consideration for the check the defendant took possession of the business; after operating it for a few days he told the affiant that his wife would not let him pay the balance of $4000 and he gave the business back to the affiant. That under the terms of the contract the defendant forfeited the $1000 and caused the plaintiffs extensive other damages.

The exhibit attached to the affidavit purports to be a copy of both sides of the check. In addition to the endorsements of the plaintiffs, there appears on the back of the purported copy this notation: "Escrow money on Briargrove Tropical Fish 142 Briargrove Shopping Center Houston, Texas Balance 4,000.00."

The trial court's judgment recites that the pleadings, depositions, admissions and affidavits on file show an absence of any genuine issue of material fact.

The appellee's position on this appeal is that the appellants' cause of action is based solely on non-payment of a check, but an ordinary check is simply a written order by a depositor to his bank, is thus executory in nature and the drawer may revoke it or stop payment on it at any time before it is paid or otherwise accepted by the drawee bank provided it has not passed into the hands of a holder in due course.

Vernon's Texas Business and Commerce Code, § 3.802(a) (2) provides, in part, that unless otherwise agreed, where an instrument is taken for an underlying obligation, if the instrument is dishonored, an action may be maintained on either the instrument or the obligation.

We find no Texas cases construing this comparatively recent (1967) change in Texas law, but the language of the statute is not ambiguous. The Appellate Division, New York Supreme Court, held in Mansion Carpets, Inc. v. Marinoff, 24 A.D.2d 947, 265 N.Y.S.2d 298 (1965) under a like provision of the Uniform Commercial Code, that as between the original parties payment by check is conditional and if the check is dishonored an action may be maintained on either the instrument or the obligation.

The summary judgment evidence does not establish any of the defendant's defenses to the check as a matter of law, so the judgment cannot be affirmed. Gibbs v. General Motors, 450 S.W.2d 827 (Tex.1970).

Reversed and remanded.