**Robert G. KAISER, Appellant,**

v.

**NORTHWEST SHOPPING CENTER, INC., Appellee.**

No. 19020.

Court of Civil Appeals of Texas, Dallas.

Dec. 8, 1976.

Robert O'Donnell, Dallas, for appellant.

John C. Biggers, Rick W. Hightower, Biggers, Lloyd, Biggers, Beasley &. Amerine, Dallas, for appellee.

AKIN, Justice.

This is an appeal by Robert G. Kaiser, doing business as Northwest Pharmacy, defendant below, from a judgment entered against him for rent and attorney's fees under a lease. Appellant contends that judgment was improperly rendered because his obligation to pay the disputed rent was discharged under § 3.503, Tex.Bus. & Comm.Code Ann. (Vernon 1968), by the appellee landlord's retention of the rent checks for an unreasonable period of time before presenting them for payment. He also contends that there was no evidence to support an award of attorney's fees. We hold that judgment was properly rendered for the rent due, but that the court could not take judicial notice of a reasonable attorney's fee. Consequently, there was no evidence to support an award for attorney's fees. Accordingly, we affirm the judgment with respect to the rent due but reverse and remand with respect to the award of attorney's fees.

Appellant Kaiser and appellee Northwest Shopping Center, Inc. were parties to a lease agreement pertaining to certain retail space under which Kaiser was obligated to pay $500 per month rent plus a pro rata share of property taxes, a maintenance fee, and a percentage of gross sales over $200,-000. The lease gave Kaiser the exclusive right to operate a drug store in the shopping center. The original lease term was to expire on December 31, 1973; however, a letter dated June 1, 1971 gave Kaiser an option to extend the lease on the same terms, except that his rent would be increased to $750 per month. By another letter dated January 22, 1974 Northwest Shopping Center, Inc. informed Kaiser that since Kaiser had not elected to extend his lease, he would be considered a month-to-month tenant at a rate of $600 per month. Kaiser then took the position that he had extended the lease by tendering checks in the amount of $750 per month. Commencing in January 1974, Northwest held Kaiser's rent checks without presenting them while another tenant, a large grocery chain, was attempting to renegotiate its lease to permit it to install a pharmaceutical department which, if permitted by Northwest, would have been contrary to a covenant in Kaiser's lease. When these negotiations collapsed, Northwest decided to acquiesce in Kaiser's lease extension. Acting on this decision, Northwest presented the accumulated checks to Kaiser's bank on October 29, 1974. The bank honored some of the checks but refused to honor the others because they were stale or because the account con-

tained insufficient funds. On October 31 Northwest again presented the dishonored checks, but payment had been stopped on them. Northwest then sued to recover the unpaid rent, as well as attorney's fees as provided in the lease, and obtained judgment for $10,131.30 which included $2,500 in attorney's fees.

Kaiser contends that because the checks were not presented within a reasonable period of time, the checks and the underlying debt are discharged under §§ 3.601 and 3.802. These sections of the Code do not support such a contention. Section 3.802 provides:

(a) Unless otherwise agreed, where an instrument is taken for an underlying obligation . . .

(2) . . . If the instrument is dishonored action may be maintained on either the instrument or the obligation; discharge of the underlying obligor on the instrument also discharges him on the obligation.

This section allows a creditor, after a check is dishonored, to choose whether he wants to sue on the check or the underlying debt. *Gaskins v. Duke*, 483 S.W.2d 499, 500 (Tex. Civ.App.—Houston [14th District] 1972, no writ). However, it goes on to provide that if the debtor's liability on the check has been discharged under another provision of the Code, then the underlying debt is also discharged. Tex.Bus. & Comm.Code § 3.802, comment 3 (Vernon 1968). The methods by which the obligation on a check can be discharged are specified in § 3.601. Kaiser apparently relies upon § 3.601(b), to wit:

Any party is also discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple contract for the payment of money.

Kaiser argues that retention of the checks longer than a reasonable time is an "other act" constituting a discharge under the section. Apparently he relies on the cases holding that " . . . a creditor's retention for an unreasonable length of time of a

check tendered in full payment of an unliquidated or disputed claim, without cashing or otherwise using it and without indicating a refusal to accept the check in accord and satisfaction, constitutes an acceptance of the check in settlement for payment of the claim, so as to bar any action for an alleged balance due." *Annot.* 13 A.L.R.2d 736, 738 (1950); *see Osage Oil Corp. v. McGuire*, 45 S.W.2d 249, 253–54 (Tex.Civ.App.—Fort Worth 1931, writ dism'd).

The flaw in this argument is that "acceptance," as used in these cases, means that the creditor treats the check as cash, subject to payment by the bank on which it was drawn, and is bound by any conditions upon which the check was delivered. *See Osage Oil Corp., supra.* By merely holding the check, the creditor does not lose his right to be paid. If the check is not honored by the bank on which it is drawn, the debtor loses the benefit of his tender by check. *Curran v. Bray Wood Heel Co.*, 116 Vt. 21, 68 A.2d 712, 717 (1949). Retention of the check, even beyond a reasonable time, does not discharge either the check or the underlying debt under § 3.601(b) or under § 3.802.

Kaiser also relies on § 3.503(b)(1), which provides that instruments shall be presented for payment within a "reasonable" time, defined as thirty days from the date of issue or the date of the check, whichever is later. This section does not relieve the drawer, however, of his liability on the stale check. The only penalty the Code provides for such a delay as between the drawer and the holder is under § 3.502, which provides that a drawer's liability on a stale check may be discharged if the bank on which it is drawn has become insolvent. Since no question of the bank's solvency is presented here, §§ 3.502 and 3.503 do not assist Kaiser.

Furthermore, § 3.503 does not mention discharge of a check, but rather defines "time for presentment." Section 3.502 does, however, refer to discharge and is specifically set forth under § 3.601(a)(9), as follows:

(a) The extent of the discharge of any party from liability on an instrument is governed by the sections on

. . . . . .

(9) unexcused delay in presentment or notice of dishonor or protest (Section 3.502).

We conclude that § 3.503 may not be read in conjunction with § 3.601(a)(9) so as to discharge a check because it became stale; instead § 3.601(a)(9) must be read together with § 3.502. Thus, neither the check nor the underlying obligation is discharged under §§ 3.601(a)(9) and 3.802 as Kaiser contends.

Kaiser's second contention is that the district court improperly awarded Northwest attorney's fees because there was no evidence to support the award. Northwest argues that the trial court could take judicial notice of what a reasonable fee would be based upon the State Bar of Texas minimum fee schedule without hearing evidence. Northwest's claim for attorney's fees was based solely upon the lease provision giving the landlord the right to collect attorney's fees in the event of breach or default. In *Coward v. Gateway National Bank,* 525 S.W.2d 857, 859 (Tex. 1975), the supreme court held that a court cannot take judicial notice of reasonable attorney's fees unless the suit is one of those specified in Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1976). In all other cases, the reasonableness of the fee claimed must be established by evidence. Since an attorney's fee provided by contract does not fall within article 2226, the award of attorney's fees was improper. *See Coward, supra,* at 858–59. Accordingly, the judgment of the trial court is affirmed with respect to its rendition of monies due for rent but is reversed and remanded for further proceedings with respect to the award of attorney's fees.