GEORGE PHARIS CHEVROLET,
INC., Appellant,

v.

Charles E. POLK, Appellee.

No. 01–83–00259–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1983.

John A. Woodard, Jr., Houston, for appellant.

Charles A. Hood, Port Lavaca, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

The appellee sued the appellant for violations of the Texas Deceptive Trade Practices Act, § 17.46(b)(12) and (14) arising from his purchase of a used car. The appellee alleged that the corporate defendant represented to him that he had entered an agreement conferring rights which it did not confer, and that the corporate defendant misrepresented the authority of its salesman to negotiate the final terms of a consumer transaction.

The undisputed evidence was that on December 21, 1974, the appellee negotiated with Roger Soloman, a salesman for the appellant, regarding the purchase of a 1974 Chevrolet truck. Soloman presented a proposal to sell the truck for $4300 and to give a $1000 trade-in allowance for the appellee's 1969 Pontiac. The appellee signed the proposal. When the appellee returned to close the transaction on December 23, he was presented a contract with different terms, namely, a purchase price of $4,534.86, and a trade-in allowance of $665.18. The appellee signed the contract, closed the transaction, and subsequently filed suit which resulted in a judgment in his favor for actual damages of $756.17, tripled in accordance with the provisions of § 17.50 of the Act to $2,268.51, and attorney's fees of $2500, a total of $4,768.51.

The appellant complains that the general special issue found by the jury in favor of the appellee is insufficient to support a judgment and that the court therefore committed error by overruling his motion for new trial and motion for judgment notwithstanding the verdict. The special issue stated:

Do you find from a preponderance of the evidence that the conduct of Roger Solomon at the time of the transaction made the basis of this lawsuit was a false, misleading or deceptive act or practice? In answering this special issue, you are instructed that false, misleading, or deceptive acts or practices means an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking or credulous.

The jury answered the issue "We do" and further found that Soloman's action adversely affected the appellee and awarded damages.

The appellant argues that there must be two separate findings to support a recovery: 1. that an act occurred; and 2. that the act was deceptive. He argues that the issue was defective because it did not require the jury to find in a separate special issue that some specified act occurred.

■ No objection on this basis was made in the trial court. The appellant's only objection was that there was insufficient evidence to support the special issue. A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection, and any complaint to a special issue shall be deemed waived unless specifically included in the objection. Texas Rule of Civil Procedure 274. We hold that the objection was waived. We further hold that the special issue was sufficient as a general submission under Rule 277 in that it specifically referred to "*the conduct* of Roger Soloman at the time of the transaction made the basis of this lawsuit" and defined a misleading or deceptive act or practice as "*an act* or series of acts." This clearly required the jury to find that an act did occur. The appellant's points of error one through four are overruled.

The appellant next complains of the trial court's failure to give the following requested special issues:

Do you find from a preponderance of the evidence that Roger Soloman bound the defendant in the transaction complained of?

Do you find from a preponderance of the evidence that Roger Soloman was empowered by the defendant to bind the defendant without authority from any other person?

Do you find from a preponderance of the evidence that Roger Soloman bound the defendant to give the plaintiff $1000.00 credit as a trade-in on his car?

The appellant argues that its liability was dependent upon findings that Soloman, its salesman and employee, had the authority to bind the appellant and, because the appellant's evidence indicated that Soloman had no such authority, a fact issue was created and the above issues should have been submitted.

■ The argument is without merit. It is undisputed that Soloman was an employee of the appellant acting within the course and scope of his employment by negotiating with the appellee for the sale of the car. Whether Soloman had the authority to bind his corporate employer to the lower dollar figure is irrelevant. The appellee's complaint was that Soloman's authority as a salesman was misrepresented as including the authority to negotiate the final terms of this transaction and that the contract was misrepresented as conferring rights which it did not confer. These specified acts are made actionable by § 17.46(b)(12) and (14) of the Deceptive Trade Practices Act. This distinguishes the appellee's cause of action from one alleging fraud, negligence or breach of contract. The complaint asserted was not that the appellant was liable, directly or vicariously, for the authorized acts of its agent, but that the appellant was liable for misrepresenting the authority of its employee or permitting the employee to do so.

In *Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980) the Supreme Court held that the Deceptive Trade Practices Act does not represent a codification of the common law, and that one of its primary purposes was to provide consumers with relief from decep-

tive practices without the burden of proof and numerous defenses encountered in a common-law fraud or breach of warranty suit. We hold that the requested special issues quoted above were properly refused because they were irrelevant to the issues in dispute. Point of error five is overruled.

■ The appellant next complains that the judgment should be reversed because the appellee failed to secure jury findings that Soloman was an agent of the appellant. As previously stated, it was undisputed that Soloman was employed by the appellant and was acting within the course and scope of his employment in negotiating a deal with the appellee. The jury found that he committed a deceptive trade practice while acting in such capacity. There was no disputed fact issue to submit to the jury regarding Soloman's relationship to the appellant. Since undisputed fact issues are not submitted, the appellee had no burden to obtain jury findings on such an issue. Texas Rule of Civil Procedure 277. Points of error six, seven, and eight are overruled.

■ The appellant next argues that no damages should have been awarded because the appellee's loss was either zero, or in the alternative, was a matter of mathematical computation presenting no fact issue for jury determination. The appellant made no such objections at trial to the damage issue and, therefore, any error was waived. Texas Rule of Civil Procedure 274; *Small v. Baker*, 605 S.W.2d 401 (Tex.Civ.App.— Beaumont 1980, no writ). Points of error nine and ten are overruled.

■ The appellant next contends that the special issue found against it constituted a comment on the weight of the evidence because it assumed that its employee, Roger Soloman, committed some actionable conduct. No objection on this basis was made at trial and any error was, therefore, waived. Texas Rule of Civil Procedure 274. In addition, there was no error for the same reasons that led us to overrule the appellant's points of error one through four. Points of error eleven and twelve are overruled.

The appellant next contends that the trial court erred by making a comment on the weight of the evidence in answering a question sent by the jury during its deliberations. The jury sent to the judge a note asking "Is the entire document (plaintiff's exhibit two) evidence?" The court answered, "The answer to the first question is yes!". The appellant complains that the exclamation point was an improper comment on the weight of the evidence. At the motion for new trial hearing, the appellant offered the affidavits of three jurors indicating that the judge's answer told them that plaintiff's exhibit two was an important piece of evidence for them to consider. Plaintiff's exhibit two was the worksheet on which the original agreement between Soloman and the appellee was written. It was admitted into evidence without objection during Soloman's testimony, and was the only written evidence supporting the appellee's claim that Soloman agreed to sell the car for a lower price than finally occurred.

■ The exclamation point should not have been used and such use should be avoided in the future. Nevertheless, its use was not error or, at least, not reversible error. Rule 285 states:

The jury may communicate with the court . . . in writing. If the communication is to request further instructions, Rule 286 shall be followed.

Rule 286 provides:

After having retired, the jury may receive further instructions of the court touching any matter of law, either at their request or upon the court's own motion. . . . The court shall give such instruction in writing, but no instruction shall be given *except in conformity with the rules relating to the charge.* (emphasis added)

The rules relating to the charge include Rule 274 which provides that a party objecting to the charge must point out distinctly his objection or waive the objection. The appellant did not object to the court's written instruction and, reading Rule 274 in tandem with Rules 285 and 286, we hold

that failure to object to the court's further communications and instructions to the jury constituted a waiver.

Finally, in view of the important role that plaintiff's exhibit two had already played in this particular trial prior to the court's instruction, we do not believe that the exclamation point was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Consequently, no reversal is required. Rule 434, Texas Rules of Civil Procedure. Point of error thirteen is overruled.

The appellant finally contends that attorney's fees should not have been awarded to the appellee because the appellee was not a prevailing party on his deceptive trade practice claim and because the appellee failed to provide sufficient evidence to support the award of $2,500. Since we have overruled all of the appellant's points of error and have decided to affirm the judgment, the argument that the appellee is not the prevailing party is plainly without merit.

■ Undisputed testimony regarding attorney's fees came from the appellee's trial attorney who testified that $5,000 was a reasonable and necessary fee. The jury awarded $2,500. Two pages of the record is devoted to appellant's cross-examination of the appellee's attorney on the subject of attorney's fees. The appellee's attorney testified to what he did in the course of representing the appellee, but did not state the total number of hours expended or what would be a reasonable hourly rate for the type of work involved. The appellant argues that, in order to support an attorney's fee award, there must be testimony of the number of hours spent and the reasonable hourly rate. Neither the appellant's brief nor our own research has disclosed any decision reversing an attorney's fee award due solely to the absence of such testimony. We decline to impose such a requirement. The deficiency complained of goes only to the weight of the evidence and is not of the magnitude that would render

it insufficient as a matter of law. Points of error fourteen and fifteen are overruled.

The judgment is affirmed.