**John Calvin SMITH and Lidabel Smith, Appellants,**

v.

**Vernon SMITH, Appellee.**

No. 05–87–00612–CV.

Court of Appeals of Texas, Dallas.

July 21, 1988.

Rehearing Denied Aug. 25, 1988.

Joseph A. Bellino, III, Dallas, for appellants.

James M. Suggs, Jr., Dana Brooks Bourland, Irving, for appellee.

Before DEVANY, STEWART and HECHT, JJ.

DEVANY, Justice.

The appellants, John Calvin Smith and Lidabel Smith, brought this suit against Vernon Smith, appellee, alleging various violations of the Deceptive Trade Practices–Consumer Protection Act ("DTPA") in the sale of a house by the appellee to the appellants. (We will refer to the parties as appellants and appellee in order to avoid confusion of their names.) Appellee filed a counterclaim to recover the purchase price of the house, to foreclose upon the Deed of Trust given by the appellants to secure the purchase price, and to recover attorney's fees for defending appellant's DTPA action on the basis that said action was groundless and brought in bad faith. Appellee was granted partial summary judgment as to his counterclaim to recover the balance due and owing on the promissory note se-

cured by the Deed of Trust. The jury denied appellants recovery on their cause of action and awarded appellee, on his counterclaim, recovery of the purchase price of the house and foreclosure upon his Deed of Trust. The jury also decided that appellants brought the cause of action in bad faith. The trial court then determined that the appellants' claim was also groundless. All parties had agreed prior to trial to try the issue of an award of attorney's fees to the trial court. The trial court awarded attorney's fees to appellee in his defense of the DTPA cause of action on the basis of the findings of bad faith and groundlessness.

Appellants present eight points of error which may be summarized as follows: (1) there is no evidence, or in the alternative, insufficient evidence to support the trial court's finding that $40,000 was a reasonable and necessary attorney's fee for the collection of the promissory note and the defense of the appellants' DTPA action through trial; (2) there is no evidence, or in the alternative, insufficient evidence to support the trial court's finding that $7,500 was a reasonable and necessary attorney's fee for the collection of the promissory note and the defense of the appellants' DTPA action through appeal to the court of appeals; (3) there is no evidence, or in the alternative, insufficient evidence to support the trial court's finding that $5,000, in the event of an appeal to the Supreme Court of Texas, and $2,500, in the event of an application for writ of error, are reasonable and necessary attorney's fees; (4) the trial court erred in failing to include a properly tendered definition of bad faith in its charge to the jury; (5) the trial court erred in submitting Special Issue No. 7 to the jury and in awarding appellee attorney's fees based upon the jury's answer because the issue of bad faith under § 17.50(c) of the DTPA must be decided by the court and not the jury. We reverse the trial court's finding of attorney's fees in the event of a successful appeal or writ of error and remand for a new trial on the reasonable amount of attorney's fees for such actions; in all other respects, we affirm the judgment of the trial court.

In their first two points of error, appellants complain that there was no evidence, or in the alternative, insufficient evidence to support the trial court's finding that $40,000 was a reasonable and necessary attorney's fee for the collection of the promissory note and the defense of appellants' DTPA action through trial. The trial court allocated $4,836 in attorney's fees to the collection of the note, and the balance of $35,164 to the defense of the DTPA action. In their brief, appellants complain only of the award of the $35,164 and thus we limit our review accordingly. Next, appellants complain that there is no evidence, or in the alternative, insufficient evidence to support the trial court's award of appellate attorney's fees.

In reviewing a no evidence point on appeal, this Court must consider only the evidence and the inferences thereon tending to support the finding in question and disregard all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). In reviewing factual insufficiency points on appeal, this Court must weigh all of the evidence and set the judgment aside for a new trial if the verdict rendered is so against the great weight and preponderance of the evidence that it is manifestly unjust. *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (Tex.1951).

Except where the reasonableness of attorney's fees may be presumed, for example as provided by section 38.003 of the Civil Practice and Remedies Code, their reasonableness is a fact question and must be supported by competent evidence. *Great American Reserve Insurance Co. v. Britton*, 406 S.W.2d 901, 907 (Tex.1966); *Bullock v. Foster Cathead Co.*, 631 S.W.2d 208, 212 (Tex.App.—Corpus Christi 1982, no writ). An agreement to pay an attorney's fee based upon a certain amount per hour is not proof of its reasonableness. *Leal v. Leal*, 628 S.W.2d 168, 171 (Tex.App. —1982, no writ). There are many factors that a trial court may consider in determining a reasonable amount of attorney's fees, such as the nature and complexity of the case, the amount in controversy, the amount of time and effort required and the

expertise of counsel in arriving at a reasonable amount as attorney's fees. *First Federal Savings & Loan Association of San Antonio v. Ritenour,* 704 S.W.2d 895, 902 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

Appellee asserts that the trial court can take judicial notice of the usual and customary attorney's fees even without supporting evidence. Appellee refers this Court to sections 38.003 and 38.004 of the Civil Practice and Remedies Code. Section 38.004 provides that the trial court can take judicial notice of the usual and customary attorney's fees without receiving further evidence in a proceeding before the court or in a jury case in which the amount of attorney's fees is submitted to the court by agreement. TEX.CIV.PRAC. & REM. CODE ANN. § 38.004 (Vernon 1986). Section 38.003 further provides that the usual and customary attorney's fees *for a claim of the type described in section 38.001* are presumed to be reasonable. TEX.CIV. PRAC. & REM.CODE ANN. § 38.003 (Vernon 1986) (emphasis added). Finally, the claims described under section 38.001 are claims for: (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract. TEX.CIV.PRAC. & REM.CODE § 38.001 (Vernon 1986).

The predecessor of chapter 38 of the Civil Practice & Remedies Code is article 2226 of the civil statutes. The Texas Supreme Court, in a decision concerning another aspect of attorney's fees, stated that the issue of DTPA attorney's fees is not controlled by the construction of article 2226. *McKinley v. Drozd,* 685 S.W.2d 7, 9 (Tex.1985). The supreme court stated that although there are similarities in the policy and intent behind these statutes, the wording of the statutes is different, and the statutes were enacted for different reasons. *McKinley,* 685 S.W.2d at 9.

In 1971, article 2226 was amended to add the following:

The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon 1971). *Compare* TEX.CIV.PRAC. & REM.CODE §§ 38.003 and 38.004 (Vernon 1986) (allowing the trial court to take judicial notice of attorney's fees without receiving further evidence). The above quoted provisions applied *only in suits to establish one or more of the claims covered by that statute. Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d 857, 858 (Tex.1975). If the Legislature had intended for a trial court to take judicial notice of the reasonableness of attorney's fees in all cases, then it could have done so by simply adopting a separate statute instead of a statute that only deals with specific types of claims. *Coward,* 525 S.W.2d at 859. In a recent Texas Supreme Court decision, Justice Kilgarlin, joined by Justice Ray, wrote in a concurring opinion that the legislature obviously knows how to *require* proof of reasonableness and necessity as shown in section 17.50(d) of the DTPA which permits recovery of reasonable and necessary attorney's fees. *Jacobs v. Danny Darby Real Estate, Inc.,* 750 S.W.2d 174 (Tex.1988) (emphasis added). Given the differences in the purposes of the two statutes as well as the types of claims that can be brought under each of the statutes, we hold that the provisions in chapter 38 of the Civil Practice and Remedies Code dealing with attorney's fees are not applicable to claims for attorney's fees under the DTPA. Since this claim does not fall within chapter 38 of the Civil Practice and Remedies Code, the reasonableness of the fee claimed must be established by evidence. *Kaiser v. Northwest Shopping Center,* 544 S.W.2d 785, 788 (Tex.Civ.App. —Dallas 1976, no writ).

We first address appellants' complaint concerning the award of appellate attorney's fees. There was no evidence at

trial as to the amount of time an appeal would take in this case or a reasonable hourly rate. In fact, there is no basis whatsoever on which to determine the reasonableness of the attorney's fees that the trial court awarded in the event of an appeal or writ of error. It is well settled that once a party is required to pay attorney's fees, the award can include attorney's fees for any appeal, provided that there is a proper predicate. *Pleasant Hills Children's Home of the Assemblies of God v. Nida*, 596 S.W.2d 947, 953 (Tex.Civ.App.—Fort Worth 1980, no writ). Except where reasonableness is presumed, there must be evidence of the reasonableness of fees for appellate work to support the award of appellate attorney's fees. *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1983, no writ). In this case, the appellee failed to lay the proper predicate.

▪ When a trial court grants an award of attorney's fees without any evidence in the record to support such an award, the proper action on appeal is to remand that part of the judgment awarding attorney's fees for a determination of the reasonableness of the amount of attorney's fees to be awarded. *Hennessey v. Skinner*, 698 S.W.2d 382, 386 (Tex.App.—Houston [14th Dist.] 1985, no writ); *First National Bank of Irving v. Shockley*, 663 S.W.2d 685, 691 (Tex.App.—Corpus Christi 1983, no writ); *Blumenthal v. Ameritex Computer Corp.*, 646 S.W.2d 283, 288 (Tex.App.—Dallas 1983, no writ); *Leal v. Leal*, 628 S.W.2d 168, 171 (Tex.App.—San Antonio 1982, no writ); *Mills v. Mills*, 559 S.W.2d 687, 689 (Tex.Civ.App.—Fort Worth 1977, no writ); TEX.R.APP.P. 81(b)(1). However, a trial court may not grant an unconditional award of appellate attorney's fees. *Siegler v. Williams*, 658 S.W.2d at 241. An appellee is entitled to appellate attorney's fees only if the appellant is unsuccessful on appeal because the trial court would be penalizing a party for taking a successful appeal if the appealing party were liable for appellee's attorney's fees even though the appeal was successful. *Id.* In this case, appellant has successfully appealed the award to appellee of appellate

attorney's fees; consequently, appellee is not entitled to an award of fees for that portion of his appellate work in this court attributable to the defense of an appellate fee award. Accordingly, we reverse the award of all appellate attorney's fees and remand to the trial court for a determination of the reasonable amount of appellate attorney's fees to be awarded to appellee in view of the fact that appellant was partially successful in this appeal, and to make a determination of an appellate attorney's fee for appellee should appellant unsuccessfully appeal to the supreme court. *Id.*

In contrast with the appellate attorney's fees, evidence was introduced at trial concerning the fees charged for defending the DTPA action at trial. Appellee's attorney, James Suggs, was the sole witness to testify as to such attorney's fees. The testimony of Suggs established that the case involved a considerable amount of work. Suggs went into great detail as to the total number of hours expended by persons employed by his law office, such as attorneys, clerks, legal assistants and runners, who performed services for this case and the hourly rates of each of these persons. Suggs also outlined in detail the type of work that was performed in this case and the necessity of such work. However, appellants argue that since at no time in his testimony did Suggs state that these fees were "reasonable," appellee should be denied his attorney's fees.

▪ As stated previously, there are several factors that a trial judge may consider in determining the reasonableness of attorney's fees. *First Federal Savings & Loan Association of San Antonio v. Ritenour*, 704 S.W.2d at 902. Furthermore, we recognize that a trial court may take judicial notice of the contents of its file with or without the request of a party. *Flint & Associates v. Intercontinental Pipe & Steel, Inc.*, 739 S.W.2d 622, 626 (Tex.App.—Dallas 1987, writ denied). Thus, not only did the trial court have the opportunity to hear evidence presented and the cross-examination of this evidence, but because the court presided over the trial, the court also had knowledge of the com-

plexity of the case, the amount in controversy, and the expertise of counsel in arriving at a reasonable amount as attorney's fees. Simply because Suggs failed to mention the word "reasonable" goes only to the weight of the evidence and is not of the magnitude, in light of all of the evidence offered, that would render it insufficient as a matter of law. *George Pharis Chevrolet, Inc. v. Polk*, 661 S.W.2d 314, 318 (Tex. App.—Houston [1st Dist.] 1983, no writ). Expert testimony concerning the reasonableness of the attorney's fees is not conclusive and the trial court is not bound by such testimony. *First Federal Savings & Loan Association of San Antonio v. Ritenour*, 704 S.W.2d at 902; *Delaney v. Delaney*, 562 S.W.2d 494, 496 (Tex.Civ.App. —Houston [14th Dist.] 1978, writ dism'd). In light of the detailed and abundant evidence presented at trial on the issue of the amount of attorney's fees incurred in the defense of the DTPA action, we hold that the trial court had before it sufficient evidence to make a finding of reasonableness. Accordingly, appellant's first and second points of error are overruled.

In their eighth point of error, appellants in their brief contend that the trial court erred in submitting the element of bad faith to the jury and awarding attorney's fees based upon the jury's affirmative finding of bad faith "because the issue of 'bad faith' under section 17.50(c) of the DTPA is an issue that must be decided by the court." However, we note that appellants did not request the trial court to make a finding on the element of 'bad faith' in their request for findings of fact and conclusions of law.

Section 17.50(c) begins with these words: "On a *finding by the court* that an action under this section was *groundless and brought in bad faith,....*" (Emphasis added.) Thus we are instructed that there are two elements in that section, "groundless" and "bad faith." We note that the trial court did make an affirmative finding that appellant's action was groundless. Where one or more elements of a ground of recovery or defense have been found by the trial court, omitted unrequested elements, where supported by the evidence, will be supplied by presumption in support of the evidence. TEX.R.CIV.P. 299. Furthermore, the appellants failed to request supplemental and additional findings on the element of 'bad faith.' Thus it is conclusively presumed that 'bad faith' was also found by the trial court. *See R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS* § 16.09 (Rev.1984). If the element of 'bad faith' alone is a fact question for the jury to decide, then the submission of that element to the jury was correct. However, if, as section 17.50(c) provides, the whole issue of "groundless and brought in bad faith" is for the court to decide, then it is presumed that the court did so. For the reasons above stated, we do not deem it necessary to make a determination on what the words in section 17.50(c) mean as to who should make the finding on the element of "bad faith" alone. Accordingly, appellant's eighth point of error is overruled.

In their seventh point of error, appellants complain that the trial court erred in failing to include a properly tendered definition of "bad faith" in its charge to the jury. In our discussion under point of error number eight, we have stated that if the trial court was correct in submitting the element of 'bad faith' to the jury, then this was done. Now, we address the question of whether it is necessary to submit a definition of 'bad faith' along with the issue to the jury. Appellants argue that a definition must be submitted. However, their case authorities are distinguishable and none of them apply to the instant case. We are persuaded that, where the fact question of "bad faith" is submitted to the jury in a DTPA case, the term should be given its ordinary meaning. The DTPA itself offers no definition, hence, we must accept that the legislature intended that the term be used in its ordinary sense. Furthermore, we note that although appellants argue that a definition should have been submitted to the jury, they have failed to show that the absence of such a definition probably caused an improper verdict. Therefore, if the definition is required, and we specifically dis-

agree that it is required, any error would have been harmless error. Accordingly, appellants' seventh point of error is overruled.

The judgment of the trial court pertaining to appellate attorney's fees is reversed and remanded for a new trial to determine the amount of reasonable appellate attorney's fees. In all other respects, the judgment of the trial court is affirmed.

HECHT, Justice, concurring and dissenting.

I agree with the majority that the award of attorney fees for legal services rendered appellee in the trial court should be affirmed. I do not agree with their reasoning, however, nor do I agree that the award of attorney fees for legal services rendered appellee on appeal should be reversed. I would affirm the trial court's judgment in its entirety.

The majority hold that a trial court called upon to find reasonable attorney fees in a Texas Deceptive Trade Practices Act case cannot take judicial notice of what fees are reasonable in such cases. I disagree. I find two sources of authority for such judicial notice.

First, the Legislature has expressly acknowledged the court's power to take judicial notice of the usual and customary attorney fees in a case in which it must find the reasonable amount of such fees, in section 38.004 of the Texas Civil Practice and Remedies Code Annotated (Vernon 1986), which states:

The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in:

(1) a proceeding before the court; or
(2) a jury case in which the amount of attorney's fees is submitted to the court by agreement.

Although this section is included in a chapter of the code authorizing recovery of attorney fees only in cases specified in section 38.001, not including DTPA cases,

the plain language of section 38.004 does not restrict its application to section 38.001 cases. By contrast, sections 38.002 and 38.003 are expressly limited to section 38.001 cases.[1] The location of section 38.004 in the Civil Practice and Remedies Code, rather than in the DTPA, ought not to limit its application. Not only does the language of the section itself not permit such a limitation, to read the section restrictively would violate section 38.005, which prescribes: "This chapter shall be liberally construed to promote its underlying purposes." The underlying purpose of section 38.004 can only be to encourage judicial notice of what attorney fees are reasonable. Limiting its application to section 38.001 cases does not promote, but rather impairs, its purpose.

The majority hold that section 38.004 does not apply to DTPA cases, concluding:

If the Legislature had intended for a trial court to take judicial notice of the reasonableness of attorney's fees in all cases, then it could have done so by simply adopting a separate statute instead of a statute that only deals with specific types of claims.

I agree with this statement, but I submit that the separate statute the majority is hunting for is section 38.004. I would give section 38.004 its plain meaning and hold that it authorizes the court in any case in which it is to find attorney fees to take judicial notice of the usual and customary fees for legal services like those rendered in the case before it. Having allowed the trial court to take judicial notice of what fees are usual and customary, I would further allow it to determine, without requiring additional evidence, whether such fees are reasonable in the case before it.

Even if the plain language of section 38.004 were to be ignored, I find a second source of authority for taking judicial notice of what attorney fees are reasonable: that is, rule 201 of the Texas Rules of Civil Evidence. As I read section 38.004, it does

---

**1.** Section 38.002 begins, "To recover attorney's fees under this chapter...." Section 38.003 creates a presumption that the usual and customary attorney fees are reasonable "for a claim of the type described in Section 38.001".

not extend the scope of judicial notice but merely expresses the Legislature's view that the reasonableness of attorney fees is the sort of subject which can be judicially noticed. I consider section 38.004 to be, not a grant of new authority to the courts, but an encouragement to use the authority already existent under the rules of evidence. Before the 1979 amendments to the predecessor of section 38.001 authorizing judicial notice of usual and customary attorney fees, courts uniformly held that they lacked power to take judicial notice of such fees. The addition of what is now section 38.004 to the statute renders those earlier cases no longer controlling. The majority do not dispute that courts can take judicial notice of reasonable attorney fees in section 38.001 cases. It makes little sense to me that a court can take judicial notice of what fees are reasonable in some types of cases but not in others.

I should add that the court's power to take judicial notice of reasonable attorney fees would not preclude offering specific evidence on the subject. Counsel might choose to point out to the court by way of evidence rather than argument why legal fees in some particular amount are reasonable in a case. In my view, counsel would simply not be required to recite a litany the court itself knows well, and to intone the word "reasonable", to enable the court to award attorney fees.

The majority find the evidence in this case sufficient to support the trial court's award of attorney fees for services rendered in the trial court but insufficient to support the award of fees for legal services to be rendered on appeal. The specific deficiency noted by the majority is the absence of evidence "as to the amount of time an appeal would take in this case or a reasonable hourly rate." As to the rate, the majority do not explain why the testimony in "great detail" as to the hourly rates for legal services rendered in the trial court is not some evidence of reasonable rates for hours spent on appeal. As to the time to be involved in some future appeal, the majority do not explain how the lawyer who testified in this case could possibly have offered any meaningful testimony about how long this appeal would take. It is surely difficult in any case for an attorney to predict how long it will eventually take to respond to an appeal by another party. Generally, the trial court's guess would be as good as counsel's. To fault the evidence in this case as insufficient to support an award of fees for legal services to be rendered in the future is to demand more than can be supplied. I suspect, however, that the majority would uphold the award in this case if only one sentence were added to the record, such as counsel's testimony:

> Your Honor, I expect an appeal of this case might consume about 75 hours for which a reasonable fee, at $100 per hour, would be $7,500.

I would think justice would be better served if the trial court were to award attorney fees on appeal based upon its own assessment of the complexity of the case and the likely complexity of an appeal, aided only to the extent necessary by such summary testimony. I would hold that the trial court was empowered, under section 38.004 and rule 201, to reach and did reach its own conclusions on the reasonableness of the attorney fees requested for appeal and I would affirm those awards.