**REVERSE and REMAND in part; AFFIRM in part; and Opinion Filed February 18, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00022-CV**

**CHRISTINE FLORES DESIO D/B/A PROFESSIONAL CENTER OF GRAND PRAIRIE AND FRANCIS ANTHONY DESIO, JR. A/K/A FRANK DESIO, INDIVIDUALLY, Appellants**

**V.**

**MIKE DEL BOSQUE D/B/A INJURY AND REHAB CENTER IN GRAND PRAIRIE, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-04408**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

Christine Flores Desio d/b/a Professional Center of Grand Prairie and Francis

Anthony Desio, Jr. a/k/a Frank Desio (the "Desios") appeal the trial court's award

of attorney's fees to Mike Del Bosque d/b/a Injury and Rehab Center in Grand

Prairie ("Del Bosque"). In four issues the Desios contend the trial court erred in

concluding Del Bosque's attorney's fees were not capable of segregation and

awarding him all the fees he claimed. Because we agree the fees are capable of

segregation and the evidence was insufficient to support the amount awarded, we reverse the trial court's judgment and remand for further proceedings.

## Background

This is the second appeal arising out of a commercial lease dispute between the Desios, as landlords, and Del Bosque, as their tenant. The case involves four leases; one for an office suite on the first floor of the Desios' building (the "First-Floor Lease"), and three for offices on the second floor of the building (the "Second-Floor Leases").

In November 2016, Del Bosque moved out of the second-floor offices. Although he no longer occupied the second-floor, he continued to maintain his business in the first-floor office suite. After Del Bosque informed the Desios that he no longer intended to use the second-floor offices, the Desios changed the locks and disposed of the property left on the second-floor premises.

Four months later, the Desios locked Del Bosque out of the first-floor office suite for failure to pay rent. Del Bosque obtained a writ of re-entry but, nine days later, the Desios locked Del Bosque out of the first-floor suite again. After Del Bosque was locked out of the first-floor suite for the second time, he brought this suit alleging the Desios had breached the First-Floor Lease. The Desios answered and filed counterclaims alleging that Del Bosque had breached both the First-Floor and Second-Floor Leases by failing to pay amounts due. The Desios also alleged that Del Bosque had abandoned the second-floor offices.

–2–

The case was tried to the court without a jury. After hearing the evidence, the trial court found the Desios had breached all four leases at issue, but awarded no damages to Del Bosque. Despite not awarding damages, the court awarded Del Bosque his attorney's fees pursuant to fee provisions in the leases.

On appeal, this Court affirmed the trial court's judgment on liability, but reversed the award of attorney's fees. *See Desio v. Del Bosque*, No. 05-19-00224-CV, 2019 WL 6974762, *7 (Tex. App.—Dallas Dec. 20, 2019, no pet.) (mem. op.). We concluded that, although Del Bosque was entitled to recover his attorney's fees under the broad language of the Second-Floor Leases, he could not recover fees under the more narrow language of the First-Floor Lease because he was not awarded damages. *Id*.[1] We then held that "[b]ecause the trial court awarded an aggregate sum for attorney's fees under both the First- and Second-Floor leases, and an award was improper under the former . . . [w]e reverse the trial court's judgment with respect to the award of attorney's fees and remand this cause for the trial court to determine the amount of reasonable and necessary attorney's fees to be awarded to [Del Bosque] only as to the Second-Floor Leases." *Id*.

On remand, Del Bosque filed a "Motion to Enforce Judgment." In the motion, Del Bosque sought to recover all the attorney's fees he incurred after September 4,

---

[1] Similarly, Del Bosque could not recover his fees under section 38.001 of the Texas Civil Practice and Remedies Code which requires the claimant to both (1) prevail on a cause of action for which attorney's fees are recoverable and (2) recover damages. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

2018 when the Desios filed their claims regarding the Second-Floor Leases. Del Bosque contended that, after that date, all the services rendered in connection with his First-Floor Lease claims were inseparable from the services rendered in connection with the Second-Floor Lease claims and, therefore, segregation of the fees was not necessary. Del Bosque additionally claimed he was entitled to the $30,000 contingent appellate attorney's fees awarded in the original judgment because he was successful on appeal.

Attached to Del Bosque's motion was an affidavit by his attorney, Talim Song. Song testified he spent 72.1 hours "prosecuting this action, including reviewing documents, drafting, preparing filings, preparing discovery, reviewing discovery responses, communicating with the opposing party, and other items" at an hourly rate of $350 per hour. The remainder of the affidavit set forth the total number of hours worked by, and the corresponding hourly rates of, the associates and law clerks who assisted Song on the case. In describing the work performed by each of the associates and clerks, Song repeated verbatim his testimony about the work he performed on the case. Song did not specify the amount of time any person spent on particular tasks and no billing records were submitted. The amount of fees sought, including appellate attorney's fees, was $86,702.

The Desios responded that Del Bosque's fees were clearly subject to segregation and he failed to provide sufficient proof of reasonableness and necessity to support the amount of fees claimed. The Desios further argued the absence of

evidence to support the fees prevented them from being able to demonstrate that some of the time expended by Song and his staff was spent on duplicative work or did not advance recoverable claims. Finally, the Desios argued Del Bosque was not entitled to recover all the contingent appellate attorney's fees awarded in the original judgment because he was only partially successful on appeal.

In support of their response, the Desios submitted an affidavit by their attorney, Grant Bannen. Bannen testified regarding his legal experience, both in general and on this case specifically, and stated that, in his opinion, the total amount of fees sought by Del Bosque was excessive and not reasonable or necessary. He characterized the suit as a "garden variety landlord-tenant dispute" involving a simple interpretation of leases that would support a fee rate of no more than $200 per hour. He also stated he had witnessed occasions when multiple attorneys representing Del Bosque were present when only one was required and "multiple motions and positions taken by Del Bosque's attorneys that did not advance a claim that allows for the recovery of attorney's fees." He testified that, because of the lack of detail in Del Bosque's evidence, it was impossible to determine which activities were reasonable and necessary and which advanced recoverable claims, but he observed "Del Bosque's counsel spent much of their time and effort on Del Bosque's claims related to the 1st Floor Lease and considerably less time on the 2nd Floor Lease defenses." Bannen opined the award of attorney's fees "should be less than thirty percent of the attorney's fees requested."

Del Bosque filed a reply, attaching a second affidavit by Song. In the second affidavit, Song testified his use of the word "prosecuting" in his first affidavit included, but was not limited to, meeting with clients, reviewing documents, drafting pleadings, reviewing pleadings filed by opposing counsel, preparing discovery requests, reviewing discovery requests, preparing discovery responses, reviewing discovery responses, conferences with co-counsel regarding the case, communicating with opposing counsel, conferences with associates regarding the case, reviewing communications between associates and opposing counsel, preparing for and attending depositions, preparing for and attending hearings, preparing for and attending trial, and legal research. Again, Song did not indicate how much time was spent on any individual task and he did not submit any billing records. However, Song revised his earlier testimony stating that "about ninety-five percent (95%) of all the attorney's fees requested was time spent prosecuting and defending both the First Floor and Second Floor leases." Accordingly, Song reduced by 5% the amount of trial attorney's fees he testified was recoverable, making the total amount, including appellate attorney's fees, $83,866.90.

Following a hearing at which no additional evidence was introduced, the trial court awarded Del Bosque the full $86,702 in attorney's fees sought in the motion. In response to a request by the Desios, the court filed findings of facts and conclusions of law. Among other things, the court found (1) segregation of Del Bosque's attorney's fees was not required "because the legal services were so

–6–

intertwined following the filing of the counterclaim by [the Desios]," (2) Del Bosque's attorney's fees of $56,702 were reasonable and necessary, and (3) Del Bosque was the prevailing party on appeal entitling him to the $30,000 in contingent appellate attorney's fees awarded in the original judgment.

The Desios then requested the trial court make additional or amended findings of fact to provide the basis for its conclusions that the First- and Second-Floor Lease claims were intertwined and that all the fees claimed were reasonable and necessary. The Desios also asked the court to explain why it had awarded Del Bosque all of the trial attorney's fees requested after Del Bosque's attorney testified the fees should be reduced by 5%. The court denied the request for additional or amended findings and this appeal followed.

## Analysis

### I. Jurisdiction

Before addressing the issues brought by the Desios, we must first address a jurisdictional issue raised by Del Bosque. Del Bosque contends the Desios notice of appeal was untimely because their request for findings of fact and conclusions of law was unnecessary and did not extend the appellate deadlines.

Generally, a notice of appeal must be filed within thirty days after the trial court's judgment is signed. TEX. R. APP. P. 26.1. The deadline to file the notice of appeal is extended to ninety days when a party files a request for findings of fact or conclusions of law "if findings and conclusions either are required by the Rules of

–7–

Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a)(4). Where the trial court was not called upon to determine questions of fact based on conflicting evidence, findings and conclusions serve no purpose and a request for findings and conclusions will not extend the time for perfecting an appeal. *See IKB Indus., (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Smith v. Padilla. L.L.C.*, No. 02-17-00326-CV, 2018 WL 895465, *2 (Tex. App.—Fort Worth Feb. 15, 2018, no pet.) (mem. op.).

In this case, both sides submitted affidavits addressing the issues of segregation and the reasonableness and necessity of the fees requested. The extent to which claims can be segregated poses a mixed question of law and fact. *Namdarkhan v. Glast, Phillips & Murray, P.C.*, No. 05-18-00802-CV, 2020 WL 1969507, *9 (Tex. App.—Dallas April 24, 2020, pet. denied) (mem. op.). Whether the fees sought are reasonable and necessary is purely a question of fact. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Because the trial court was called upon to resolve questions of fact based on conflicting evidence submitted by the parties, the Desios' request for findings and conclusions was appropriate.

Del Bosque argues the affidavit submitted by the Desios' attorney was insufficient to create a fact issue because it was conclusory. An examination of the affidavit shows that Bannen supported his conclusions with specific facts from both his experience as an attorney in general and his experience with this case specifically. Accordingly, we conclude Del Bosque's argument is without merit.

–8–

*See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (conclusory statement is one that does not provide underlying facts to support conclusion); *BBX Operating, LLC v. Am. Fluorite, Inc.*, No 09-19-00278-CV, 2021 WL 3196514, *22 (Tex. App.—Beaumont July 29, 2021, pet. filed) (mem. op.) (affidavit based on attorney's general experience and experience with specific case sufficient to create fact issue).

The Desios' request for findings of fact and conclusions of law extended the deadline for them to file their notice of appeal until ninety days after the judgment was signed. It is undisputed the Desios filed their notice of appeal within that ninety-day period. Therefore, we have jurisdiction over this appeal.

## II. Award of Trial Attorney's Fees

In their first issue, the Desios contend the trial court erred in finding all the legal services provided to Del Bosque up to and through trial of the case were so intertwined that they could not be segregated. The Desios list multiple issues in the case that were specific to the First-Floor Lease, including the business-interruption damages caused by the first-floor lockout, which were irrelevant to the Second-Floor Leases as Del Bosque had vacated those offices when the claims arose. In their third and fourth issues, the Desios contend the trial court erred in concluding Del Bosque's evidence was sufficient to support the award of attorney's fees and in awarding him all the fees he requested.

Del Bosque responds that his evidence was sufficient to support the award and the First- and Second-Floor Lease claims "arose from the same set of facts concerning the [Desios'] breach of the two leases and the proof needed to prevail on either claim lies within that same set of facts." But, merely because the facts concerning the different claims are intertwined does not mean the party seeking fees does not have to segregate the fees for the recoverable claims from the unrecoverable claims. *KBDIC Invs., LLC v. Zuru Toys Inc.*, No 05-19-00159-CV, 2020 WL 5988014, \*17 (Tex. App.—Dallas Oct. 9, 2020, pet. denied) (mem. op.). "[I]t is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006).

Here, Del Bosque's attorney summarily opined that 95% of all the legal work performed "was time spent prosecuting and defending both the First Floor and Second Floor leases," thereby suggesting that only 5% of the work was attributable solely to the First-Floor Lease claims. Song made no attempt, however, to explain how the discrete legal services performed by him and his staff advanced both claims. Nor did he discuss how much time was spent on any of the particular services and by whom. Although attorneys may testify that a certain percentage of their time would have been necessary even in the absence of the unrecoverable claim, general, conclusory testimony devoid of substance will not support a fee award. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012)

Sufficient evidence of attorney's fees includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). Generalities about tasks performed provide insufficient information for the fact finder to meaningfully review whether the tasks and hours were reasonable and necessary. *Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014). Similarly, without information about the specific tasks performed and the hours spent on them, there is no way to determine whether the fees were appropriately segregated. *See Jones-Hospod v. Maples*, No. 03-20-00407-CV, 2021 WL 3883884, *7–8 (Tex. App.—Austin Aug. 31, 2021, no pet.) (mem. op.). Simply listing the categories of tasks and the aggregate hours spent on the case is insufficient. *Long*, 442 S.W.3d at 255.

Here, Del Bosque's evidence provided nothing more than generalities about the tasks performed and the total time spent by counsel and staff. This evidence is so vague as to render it impossible to assess the reasonableness and necessity of the work for which recovery was sought or to determine whether the fees were appropriately segregated. *Id*. Because of this, we sustain the Desios' first, third, and fourth issues.

### III. Award of Appellate Attorney's Fees

In their second issue, the Desios challenge the trial court's award of the full $30,000 in appellate attorney's fees to Del Bosque. The Desios contend the award was improper because Del Bosque prevailed on only a portion of the prior appeal and he failed to segregate the fees attributable to the claims on which he prevailed from the fees attributable to the claims on which he did not.

An appellee is entitled to appellate attorney's fees only if the appellant is unsuccessful on appeal. *Smith v. Smith*, 757 S.W.2d 422, 426 (Tex. App.—Dallas 1988, writ denied). If the appellant is partially successful, the appellee may recover fees only for work performed on the issues where the appellant was unsuccessful. *Chevron Phillips Chem. Co. L.P. v. Kingwood Crossroads, L.P.*, No. 09-14-00316-CV, 2017 WL 4182292, *10 (Tex. App.—Beaumont Sept. 21, 2017, no pet.) (mem. op.). On remand, the appellee must segregate the recoverable appellate attorney's fees from the unrecoverable attorney's fees. *Id*.

Del Bosque argues he was not required to segregate his appellate attorney's fees because the Desios did not prevail on any of their appellate issues. This contention is clearly contradicted by the record and our prior opinion in this case. *See Desio*, 2019 WL 6974762, at *7. Because Del Bosque was not awarded damages at trial, one of the Desios' main arguments on appeal was that Del Bosque was not entitled to recover his attorney's fees. We agreed with the Desios that the First-Floor Lease did not provide a basis for Del Bosque to recover his attorney's fees and

–12–

sustained the Desios' third and fourth issues in part. *Id*. Because the Desios' successfully appealed a portion of the attorney's fees award, Del Bosque is not entitled to appellate attorney's fees for his defense of that portion. *See Smith*, 757 S.W.2d at 426. We sustain the Desios' second issue.

## Conclusion

Based on the foregoing, we reverse the trial court's amended final judgment in part and remand for the trial court to determine, consistent with this opinion and our prior opinion in this case, the amount of reasonable and necessary attorney's fees to be awarded to appellee. In all other respects, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

210022F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

CHRISTINE FLORES DESIO
D/B/A PROFESSIONAL CENTER
OF GRAND PRAIRIE AND
FRANCIS ANTHONY DESIO, JR.
A/K/A FRANK DESIO,
INDIVIDUALLY, Appellants

No. 05-21-00022-CV          V.

MIKE DEL BOSQUE D/B/A
INJURY AND REHAB CENTER IN
GRAND PRAIRIE, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-04408.
Opinion delivered by Justice
Reichek. Justices Nowell and Carlyle
participating.

In accordance with this Court's opinion of this date, the amended judgment of the trial court is **REVERSED IN PART** and this cause is **REMANDED** to the trial court for further proceedings to determine the reasonable and necessary attorney's fees to be awarded to MIKE DEL BOSQUE D/B/A INJURY AND REHAB CENTER IN GRAND PRAIRIE consistent with this opinion and our prior opinion in this case. In all other respects, we **AFFIRM** the trial court's judgment.

It is **ORDERED** that appellant CHRISTINE FLORES DESIO D/B/A PROFESSIONAL CENTER OF GRAND PRAIRIE AND FRANCIS ANTHONY DESIO, JR. A/K/A FRANK DESIO, INDIVIDUALLY recover their costs of this appeal from appellee MIKE DEL BOSQUE D/B/A INJURY AND REHAB CENTER IN GRAND PRAIRIE.


Judgment entered February 18, 2022