**Robert I. KAHN, Appellant,**

v.

**Claxton B. SEELY, Appellee.**

**No. 04–00–00072–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 13, 2000.

Royal D. Adams, Law Office of Royal D. Adams, P.C., San Antonio, for appellant.

Walter C. Wolff, Jr., Ruth Lown, Wolff & Wolff, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by PHIL HARDBERGER, Chief Justice.

This case involves the break-up of a successful law firm. The two principal lawyers of the firm, Claxton Seely and Robert Kahn, both industrious, talented attorneys who have tried or settled hundreds of cases find themselves incapable of reaching any sort of resolution of their own affairs. This appeal is a sequel. It follows a previous appeal and remand by this court.

The underlying suit involves the dissolution, winding up, and termination of a law partnership. Robert Kahn ("Kahn") appeals the trial court's judgment on remand, raising the following points of error: the trial court (1) erroneously interpreted the judgment and mandate of the appellate court; (2) failed to make an accounting between the partners based upon the net profits of the partnership; (3) made its final accounting based upon the net fees to both partners instead of upon the net proceeds of the profits of the partnership or net fees applicable to Kahn only; (5) refused to allow Kahn reimbursement for expenses incurred during the winding up; (6) erred in not including the post-judgment interest awarded to Kahn by the original trial court proceeding; and (7) erred in refusing to award Kahn two percent of the fees that were deposited in the partnership's bank account.

This appeal reaches us after the dispute has already gone through a jury trial, an appeal of the results of the jury trial, an opinion by this court remanding the case back to the trial court for resolution of a few unsettled details, and a new trial before the bench as a result of the remand. Because of the extensive legal history and the law of the case doctrine, this court, at this time, has little latitude to re-examine the merits of this dispute.

## PROCEDURAL BACKGROUND

In 1995, the case was tried to a jury. Based on a jury verdict and on its own findings of fact and conclusions of law, the trial court rendered a judgment allocating 60% of the partnership profits to Claxton Seely ("Seely"), and 40% to Kahn. The trial court also awarded Kahn compensation for post-dissolution costs and services. Both parties appealed portions of the judgment, and this court ruled with Seely on all issues. *Kahn v. Seely*, 980 S.W.2d 794, *passim* (Tex.App.—San Antonio 1998, pet. denied).

In its judgment and mandate, this court specifically outlined those paragraphs in the trial court's judgment that were reversed. Paragraphs 7 and 10, relating to Kahn's claim for breach of fiduciary duty were reversed and judgment was rendered that Kahn take nothing on that claim. Paragraphs 2, 3, and 11 of the ongoing judgment were also reversed. Paragraph 2 terminated the partnership, paragraph 3 awarded post-dissolution compensation for those partnership cases that were completed at the time of the judgment, and paragraph 11 awarded post-dissolution costs for those partnership cases that were still pending at the time of the judgment. The cause was remanded as it related to those paragraphs "for further proceedings on the post-dissolution compensation issue ." The remainder of the judgment was expressly affirmed.

## DISCUSSION

■ Kahn argues that he should be allowed to collect post-dissolution compensation in points 1, 4, 5, and 8 of his appeal. Under the law of the case doctrine, however, these points have already been decided by this court, and our decision is binding on the trial court on remand and in any subsequent appeals. *See, e.g., Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Ex parte Granger,* 850 S.W.2d 513, 516 (Tex.Crim.App.1993); *Weynand v. Weynand,* 990 S.W.2d 843, 845 (Tex.App.—Dallas 1999, pet. denied). When the law of the case doctrine is applied, "questions of law decided on appeal ... will govern the case throughout its subsequent stages." *Hudson,* 711 S.W.2d at 630. After examining the findings of fact and conclusions of law from the actions taken by the trial court, there is nothing to suggest that the trial court did anything other than act according to this court's mandate concerning the sole issue of post-dissolution compensation. The issue of post-dissolution compensation has already been decided by this court, and in all four of these points of error, Kahn is asking for some manner of post-dissolution compensation. Under the law of the case doctrine we are not at liberty to grant this requested relief. *Hudson,* 711 S.W.2d at 630. Points 1, 4, 5, and 8 are overruled.

■ Kahn also argues that the trial court should engage in a new accounting of the monies to be divided 60/40 on remand. Kahn's points of error 2, 3, 6 and 7 each urge that the trial court reexamine the net fees and net proceeds or their accumulated interest and adjust Kahn's award accordingly. This request falls outside of the scope of the mandate of this court, however, and was not within the trial court's discretion. *Martin v. Credit Protection Ass'n, Inc.,* 824 S.W.2d 254, 255–56 (Tex. App.—Dallas 1992, writ dism. w.o.j.); *V–F Petroleum, Inc. v. A.K. Guthrie Operating Co.,* 792 S.W.2d 508, 510 (Tex.App.—Austin 1990, no writ). "[W]hen a case is remanded to the district court with instructions, that court's authority is limited to trying only those issues specified in the appellate court mandate." *V–F Petroleum,* 792 S.W.2d at 510. This court remanded as to a single issue: "for further proceedings on the post-dissolution compensation issue." After specifying which paragraphs of the original judgment were to be affected, the trial court's only authority upon remand was to delete from the judgment any amount that was post-dissolution compensation and to re-terminate the partnership. Nowhere was authority granted for the trial court to undertake a new accounting, or as Kahn would like, to hear new evidence for determining the net amount subject to be split between the partners. In light of the specific mandate from this court, the trial court did what it was ordered to do. Kahn's points of error 2, 3, 6, and 7 are overruled.[1]

## CONCLUSION

The trial court's judgment is affirmed.

---

1. We note that paragraph eleven of the first judgment divided the fees to be receive for cases were still pending at the time of that judgment 73.27 or 82/18, depending upon who handled the case. This court determined the split was improper because it made an allowance for post dissolution compensation. On remand, those cases that were pending at the time of the first judgment had been resolved. Direct expenses for handling those cases were reimbursed and the trial court divided the fees 60/40 as evidenced by defendant's exhibits 7 and 8. The partnership agreement provided that Kahn was to receive a percentage of the "net fees" and recoupment of "case costs." The trial court's judgment divides the proceeds from the previously pending cases in accordance with this provision. Kahn is not entitled to recover additional overhead expenses.