NUMBER 13-03-037-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

RIVER OAKS PLACE

COUNCIL OF CO-OWNERS,                                                 Appellant,

 

                                                             v.                                

 

RICHARD D. DALY,                                                                        Appellee.

 

        On
appeal from the 61st District Court of Harris County, Texas.

 

 

                                          O
P I N I O N

 

                          Before
Justices Yañez, Castillo and Garza 

                                         Opinion
by Justice Garza

 








The controversy underlying this appeal is whether
Richard D. Daly can lawfully equip his condominium unit with a satellite
dish.  Daly=s
condominium unit is located in River Oaks Place, a complex comprised of 123
condominium units.  Daly=s unit is located in a structure that houses six
units under a single roof.   All
condominiums in River Oaks Place are subject to the Declaration of Covenants,
Conditions, and Restrictions of River Oaks Place (Athe Declaration@), which is administered by the River Oaks Place
Council of Co-Owners (Athe Association@).  The
Declaration specifically prohibits condominium owners from installing
television-receiving antennas on ACommon Elements@ of the structure, which include, among other
things, the roofs of the condominium units. 
After Daly installed a satellite dish on the roof of his unit and
refused to remove it, the Association sued him for breach of contract and
declaratory and injunctive relief.  Daly
counterclaimed for breach of contract and declaratory relief, contending that
he could install the satellite dish on either his roof, chimney, patio, or a
mast on his patio.  

The case was tried before a jury, which considered
only whether Daly could place the satellite dish on the roof.  The trial court did not allow the jury to
decide whether Daly could place the satellite dish on his chimney, patio, or a
mast on his patio.  The jury returned a
verdict against Daly.  The trial court
rendered a judgment against Daly on the Association=s claims, issued a permanent injunction against
Daly, and ordered Daly to pay attorney=s fees to the Association in the amount of $29,996.








On appeal to the First Court of Appeals, Daly argued
that (1) the evidence was legally insufficient to prove that he was bound by
the Declaration, (2) he was entitled to use the satellite dish on his
condominium roof as a matter of law because the 1996 version of 47 C.F.R. ' 1.4000(a)(1) prohibited the Association from
restricting use of the satellite dish, (3) the trial court erred by refusing to
submit a jury question regarding his counterclaim for declaratory relief as to
placement of the satellite on his patio or a mast on his patio, and (4) the
trial court erred by awarding attorney=s fees to the Association because attorney=s fees were prohibited by the 1998 version of 47
C.F.R. ' 1.4000(a)(3). 

The First Court of Appeals issued an opinion, which
it later withdrew on the Association=s motion for rehearing.  See Daly v. River Oaks Place Council of Co‑Owners,
No. 01‑00‑00894‑CV, 2001 Tex. App. LEXIS 5423 (Houston [1st
Dist.] August 9, 2001, no pet.) (substituted opinion on rehearing).  The substance of the first opinion is unknown
to this Court.  The substituted opinion
on rehearing overruled Daly=s first, second, and fourth issues.  Id. at *2B*19.  The
court sustained Daly=s third issue and remanded the case to the trial
court for further proceedings regarding Daly=s
counterclaim for declaratory relief as to placement of the satellite dish on
the patio or a mast on the patio.  Id.
at *18B*19.  In
overruling Daly=s fourth issue, the court specifically held that the
1998 version of 47 C.F.R. ' 1.4000(a)(3) did not apply.  Id. at *16.  Although it overruled Daly=s fourth issue, the court nevertheless vacated the
award of attorney=s fees, noting that Daly may yet prevail in this
case.  Id. at *18. 








Subsequently, Daly filed a motion for rehearing,
which the First Court of Appeals granted. 
Daly v. River Oaks Place Council of Co‑Owners, 59
S.W.3d 416, 417 (Tex. App.CHouston [1st Dist.] 2001, no pet.).  The court withdrew its substituted opinion
and issued a second substituted opinion. 
Id.  In its second
substituted opinion, the court changed only its disposition of Daly=s fourth issue, which it had previously overruled.  Id. at 422B24.  This
time, the court ruled in Daly=s favor, holding that the 1998 version of 47 C.F.R. ' 1.4000(a)(3) should apply to the case.  Id. at 423.  It concluded that the provisions of the 1998
version prevented the trial court from awarding attorney=s fees unless the award was made conditional on Daly=s unsuccessful exhaustion of all appellate
remedies.  Id. at 424.  The court further concluded that, if Daly
were to lose all appeals, an award of attorney=s fees
could be ordered only if Daly refused to comply with the Association=s rules within 21 days of the exhaustion of all
appellate remedies.  Id.  If Daly complied within the 21-day grace
period, the Association could receive attorney=s fees
only if Daly=s Aclaim@ or position in the proceeding was found to be Afrivolous.@  Id.  The case was remanded for further
consideration of Daly=s counterclaim for declaratory relief and the
determination of Aany award of attorney=s fees
that may be appropriate.@  Id.  

A second jury trial was held on remand, at which
time, the jury was presented with evidence and arguments on whether Daly could
place a satellite dish on his patio or a mast on his patio.  Although Daly maintained in his pleadings
that he could place the satellite dish on the chimney of his condominium unit,
that question was not submitted to the jury in either trial.  In the second trial, the jury was asked (1)
whether Daly had exclusive use or control of the air space above his patio, (2)
whether the Association=s written request for detailed specifications for a
proposed satellite dish on a pole on Daly=s patio was necessary to accomplish a
clearly-defined safety objective, and (3) whether Daly=s claim that he was entitled to place a satellite
dish on the common element roof was frivolous. 
In two additional questions, the jury was asked to determine reasonable
and necessary attorney=s fees for the Association and Daly.








The jury found that (1) Daly did not have exclusive
use or control of the air space above his balcony, (2) the Association=s written request for detailed specifications for a
proposed satellite dish on a pole on Daly=s patio was necessary to accomplish a
clearly-defined safety objective, and (3) Daly=s
claim that he was entitled to place a satellite dish on the common element roof
was frivolous.  The jury also found
specific amounts of reasonable and necessary attorney=s fees for the Association and Daly.  

Subsequently, Daly filed a motion to disregard the
jury=s findings and for judgment notwithstanding the
verdict.  The Association opposed Daly=s motion and requested that the trial court take
judicial notice of 47 C.F.R. ' 1.4000 and a May 2001 fact sheet generated by the
Federal Communications Commission.  The
trial court granted Daly=s motion and disregarded the jury=s findings on the frivolousness of Daly=s roof claim and the amount of reasonable and
necessary attorney=s fees for the Association.  The trial court denied the Association=s request for judicial notice.      

The trial court entered a final judgment under the
declaratory judgment act, see Tex.
Civ. Prac. & Rem Code Ann. '' 37.001B37.011 (Vernon 1997 and Supp. 2004B05), reciting the following findings regarding the
rights, status, and legal relationship of the Association and Daly:

1.  Daly is
the owner of 1201 McDuffie #198, Houston, Texas 77019;

 

2.  Daly has
exclusive use or control of the patio adjacent to unit #198;

 

3.  The
airspace above the Patio Area, as defined in the Declaration of Covenants,
Conditions and Restrictions of River Oaks Place dated March 19, 1979 (ADeclaration@) is not within the exclusive use or control of
Daly;

 

4.  The
Association=s written request for detailed specifications for a
proposed satellite dish on a pole on Daly=s patio was necessary to accomplish a
clearly-defined safety objective. 








The court did not award attorney=s fees to either party.  Both sides now appeal.  For the reasons that follow, we affirm.[1]

I.  The
Association=s Appeal

The Association raises three issues:  (1) the trial court erred by refusing to take
judicial notice of 47 C.F.R. ' 1.4000 and the FCC fact sheet dated May 2001, (2)
the trial court erred by disregarding the jury=s
answers to questions three and four, and (3) the trial court erred by not
awarding attorney=s fees to the Association.   

A.  Judicial
Notice 

In its first issue, the Association complains of the
trial court=s refusal to take judicial notice of 47 C.F.R. ' 1.4000 and a FCC fact sheet dated May 2001, which,
according to the Association, resulted in the misapplication of the law to
facts of this case.[2]  Essentially, the Association argues that the
limitations on attorney=s fees specified in 47 C.F.R. 1.4000(a)(3) do not apply
if the challenged restriction prohibits activity in a common area of a
condominium and not an area within the exclusive use or control of the antenna
user.  According to the Association, if
the trial court had taken judicial notice of the regulation and the FCC fact
sheet, it would have ruled that the Association could recover attorney=s fees even in the absence of a finding of
frivolousness.     








Texas Rule of Evidence 202 provides that A[a] court . . . upon the motion of a party shall .
. . take judicial notice of the regulations . . . of every other state,
territory, or jurisdiction of the United States.@  Tex.
R. Evid. 202 (emphasis added). 
Rule 202 also states, AJudicial notice of such matters may be taken at any
stage of the proceeding.  The court=s determination shall be subject to review as a
ruling on a question of law.@  Id.  There is no indication in the record that the
Association failed to comply with the requirements of rule 202.  We therefore hold that the trial court erred
by failing to take judicial notice of 47 C.F.R. '
1.4000.  We take judicial notice of it
now, recognizing that the First Court of Appeals also did so during the first
appeal of this case.  See Daly, 59
S.W.3d at 422B24. 

The regulation states that it applies to Aany restriction . . . on property within the
exclusive use or control of the antenna user where the user has a direct or
indirect ownership or leasehold interest in the property that impairs the
installation, maintenance, or use of [certain specified antennas] . . . .@  47 C.F.R. ' 1.4000(a)(1). 
The scope of the regulation is thus limited to restrictions affecting Aproperty within the exclusive use or control of the
antenna user.@  Id.          

Although the regulation does not apply to
restrictions affecting property outside the exclusive use or control of the
antenna user, such as the roof of Daly=s condominium, the regulation=s limitation on the availability of attorney=s fees is not necessarily inapplicable.  See Daly, 59 S.W.3d at 422B24.  The
regulation states 

No attorney=s fees shall be collected or assessed and no fine or
other penalties shall accrue against an antenna user while a proceeding is
pending to determine the validity of any restriction.  If a ruling is issued adverse to a user, the
user shall be granted at least a 21‑day grace period in which to comply
with the adverse ruling; and neither a fine nor a penalty may be collected from
the user if the user complies with the adverse ruling during this grace period,
unless the proponent of the restriction demonstrates, in the same proceeding
which resulted in the adverse ruling, that the user=s claim in the proceeding was frivolous.

 








47 C.F.R. ' 1.4000(a)(3). 
As the First Court of Appeals explained, the regulation Alimits the assessment and collection of attorney=s fees in a proceeding to determine the validity of
a restriction, . . . even if the restriction is valid . . . .@  Daly,
59 S.W.3d at 424.  Thus, even though the
Association=s restriction on roof antennas was not invalidated,
the regulation=s limitation on the availability of attorney=s fees still applies.  See id.  We therefore cannot conclude that the trial
court=s failure to take judicial notice of the regulation
probably led to the rendition of an improper judgment.  See Tex.
R. App. P. 44.1(a).  

In our estimation, the judgment would also be no
different if the trial court had taken judicial notice of the FCC fact sheet
dated May 2001.  Although we are
uncertain that the fact sheet should have been given judicial notice under
either rule 201 or rule 202, there is no indication in the fact sheet that the
FCC intended for the regulation=s limitation on the availability of attorney=s fees to apply only when a restriction is held
invalid.  See Tex. R. Evid. 201, 202.  The fact sheet does not discuss the attorney=s fees provision in any respect.  We therefore have no basis to conclude that
the trial court=s error, if any, in refusing to take judicial notice
of the fact sheet probably led to the rendition of an improper judgment.  See Tex.
R. App. P. 44.1(a).     

For the foregoing reasons, we overrule the Association=s first issue on appeal.  

B.  Motion to
Disregard








In its second issue, the Association contends that
the trial court erred by granting Daly=s motion to disregard the jury=s answers to questions three and four.  A trial court may disregard a jury=s answer to a question in the charge only when the
answer has no support in evidence or the question is immaterial.  Zapalac v. Cain, 39 S.W.3d 414, 417
(Tex. App.CHouston [1st Dist.] 2001, no pet.).  In determining whether Athe answer has no support in evidence,@ the record is reviewed in the light most favorable
to the finding, considering only the evidence and inferences that support the
finding and rejecting the evidence and inferences contrary to the finding.  Tex. Animal Health Comm=n v. Garza,
27 S.W.3d 54, 62 (Tex. App.CSan Antonio 2000, pet. denied).  If there is more than a scintilla of
competent evidence to support the jury=s finding, then the trial court=s decision is reversed and the finding is
reinstated.  See id.  A question is immaterial when it should not
have been submitted, or when it was properly submitted but has been rendered
immaterial by other findings.  Spencer
v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994).   

1.  Question
Three:  Frivolousness of Claim 

Question three of the jury charge asked the jury
whether ADaly=s claim that he was entitled to place a DSS
Satellite Dish on the Common Element roof was frivolous.@  The charge
explained that A[f]rivolous means both groundless and brought in bad
faith.  Groundless means having no basis
in law and not warranted by good faith argument.@  The charge did not define bad faith.  The jury returned a finding against Daly on
question three.  Subsequently, Daly filed
a motion to disregard the finding, arguing that his claim was not frivolous
because the issue was Anovel@ and his claim merely sought to extend the FCC=s opinion in In re Lourie, 13 F.C.C.R. 16,760
(F.C.C. June 16, 1998).  Daly also argued
that question three was improper because the issue of frivolousness had been
finally decided by the court of appeals= decision following the first appeal of this case.








As a preliminary matter, Daly is incorrect in his
assertion that the issue of frivolousness was finally decided by the court of
appeals in the first appeal of this case.  
See Daly, 59 S.W.3d at 416. 
In that opinion, the court specifically remanded the matter to allow the
trial court to conduct proceedings regarding the frivolousness of Daly=s claim that he could place the satellite dish on
his roof.  Id. at 424.  Nowhere in the decision did the court express
any opinion on the merits of the issue or purport to rule on it with
finality.  Therefore, we conclude that
the trial court did not err by submitting the question.  








Nevertheless, we are compelled to overrule the
Association=s issue as it pertains to question three because the
Association has wholly failed to identify any evidence regarding Daly=s bad faith. 
As defined by the jury charge, A[f]rivolous means both groundless and brought in bad
faith.@  In both its
appellate brief and its response to Daly=s motion to disregard the jury=s findings, the Association discussed evidence and
made arguments to establish the groundlessness of Daly=s claim.  Even
if we were to agree that Daly=s claim was groundless, that conclusion would not
necessarily mean that Daly acted in bad faith. 
           Groundlessness and bad
faith are not synonymous under Texas law. 
Groundlessness turns on the legal merits of a claim, whereas bad faith
turns on a party=s motives for asserting a claim.  See Donwerth v. Preston II Chrysler‑Dodge,
Inc., 775 S.W.2d 634, 637 (Tex. 1989) (defining Agroundlessness@); Falk & Mayfield L.L.P. v. Molzan, 974
S.W.2d 821, 828 (Tex. App.CHouston [14th Dist.] 1998, pet. denied) (defining Abad faith@). 
Admittedly, this Court is unaware of any reported case from any
jurisdiction discussing the meaning of Afrivolous@ as the term is used in 47 C.F.R. ' 1.4000(a)(1). 
The parties have not cited any such cases.  In other contexts, courts of this state have held
that Abad faith@ exists if a party consciously commits a wrong for Adishonest, discriminatory, or malicious purposes.@  Campos v.
Ysleta Gen. Hosp., 879 S.W.2d 67, 71 (Tex. App.CEl Paso 1994, writ denied); Elbaor v. Sanderson,
817 S.W.2d 826, 829 (Tex. App.CFort Worth 1991, no writ).  Claims are considered groundless if they have
A[n]o basis in law or fact and [are] not warranted by
good faith argument for the extension, modification, or reversal of existing
law.@  Donwerth, 775 S.W.2d at 637. 
Neither party to this appeal has taken issue with the meaning of Afrivolous@ as it is defined in question three.  The definition suggests that groundlessness
and bad faith are different, as it requires both groundlessness and bad faith
to establish frivolousness.  Because
neither party contends that this Court should apply a definition of bad faith
that is different than the meaning given to the term by Texas courts, we apply
the definition of bad faith used by Texas courts.  See Campos, 879 S.W.2d at
71.  We conclude that there is no
evidence in the record that Daly asserted his claim for dishonest,
discriminatory, or malicious purposes. 
Accordingly, the trial court did not err by disregarding the jury=s answer to question three. 

2.  Question
Four:  Amount of Reasonable and Necessary
Attorney=s Fees 

The Association also complains that the trial court
erroneously disregarded the jury=s answer to question four, which asked about the
Association=s reasonable and necessary attorney=s fees for Athis case.@  We have
already determined that the trial court properly disregarded question three on
frivolousness.  Because Daly=s claim that he could put a satellite dish on his
roof was not found to be frivolous, the Association could not recover attorney=s fees related to that claim.  See Daly, 59 S.W.3d at 424.    








Question four appears to ask the jury only about the
Association=s reasonable and necessary attorney=s fees for the second jury trial, as it uses the language
for Athis case.@  As discussed
above, the issues tried in the second jury trial were limited to (1) whether
Daly could place a satellite dish on his patio or a mast on his patio and (2)
whether Daly=s claim in the previous trial that he could place a
satellite dish on his roof was frivolous. 
The jury was never asked to determine whether Daly=s claim in the second trial (i.e., that he could
place a satellite dish on his patio or a mast on his patio) was frivolous.  There is no indication in the record or the
briefs that the Association requested such a jury question or that it ever
objected to the absence of such a question. 
On appeal, the Association has not argued any error related to the
absence of the question. 

In the first appeal of this case, the First Court of
Appeals held that 47 C.F.R. ' 1.4000(a)(3) barred any award of attorney=s fees against Daly unless the award was made
conditional on Daly=s unsuccessful exhaustion of all appellate
remedies.  See Daly, 59 S.W.3d at
424.  The court further concluded that,
if Daly were to lose all appeals, an award of attorney=s fees could be ordered only if Daly refused to
comply with the Association=s rules within 21 days of the exhaustion of all
appellate remedies.  Id.  If Daly complied within the 21-day grace
period, the Association could receive attorney=s fees
only if Daly=s Aclaim@ or position in the proceeding was found to be Afrivolous.@  Id.  








The evidence adduced at trial shows that Daly never
installed the satellite dish on his patio or a pole on his patio and was thus
never in violation of any restriction on placing a satellite dish in those
locations.  Under these facts and the
First Court of Appeals= prior decision in this case, the Association could
recover attorney=s fees only if Daly=s
claim was found to be frivolous.  See
id.;  Kahn v. Seely, 37 S.W.3d
86, 88 (Tex. App.CAustin 2000, no pet.) (explaining that under the law
of the case doctrine, Aquestions of law decided on appeal . . . will govern
the case throughout its subsequent stages.@).  Because
that question was never submitted to the jury and because the trial court made
no findings on the issue, no basis was established for awarding the Association
attorney=s fees on Daly=s claims in the second trial.         

In sum, the Association was completely barred from
recovering attorney=s fees because none of Daly=s claims were found to be frivolous.  Therefore, the trial court did not err by
disregarding the jury=s answer to question four, which asked the jury to
determine the Association=s reasonable and necessary attorney=s fees.                 

Accordingly, the Association=s second issue is overruled.  

C.  Award of
Attorney=s Fees

In its third issue, the Association argues that the
trial court erred by failing to award it reasonable and necessary attorney=s fees in the second trial.  The Association points out that Daly was
actually the plaintiff in the second trial, a consideration, which, according
to the Association, renders inapposite the First Court of Appeals= decision in the first appeal of this case.   Although we agree that the second trial
covered claims asserted by Daly as cross-plaintiff, we do not agree that the
First Court of Appeals= decision is therefore inapplicable.  Under the First Court of Appeals= decision, it does not matter which party challenges
a restriction under 47 C.F.R. ' 1.4000(a)(3).  See Daly, 59 S.W.3d at 424; Kahn,
37 S.W.3d at 88 (regarding law of the case doctrine).  Accordingly, the Association still had the
burden of establishing that Daly=s claims were frivolous.  No such finding was made during the second
trial.  The trial court therefore did not
err by refusing to award attorney=s fees.  The
Association=s third issue is overruled.   








II.  Daly=s Appeal

Daly raises three issues:  (1) the trial court abused its discretion by
submitting jury question one because it was outside the mandate of the
appellate court, (2) the trial court abused its discretion by submitting jury
question two because it was incomplete, and (3) the trial court erred by
refusing to award attorney=s fees in favor of Daly. 

A.  Question
One: Exclusive Use or Control of the Air Space above the Patio

Question one asked the jury whether Daly had
exclusive use or control of the air space above his patio.  On appeal, Daly argues that the trial court
erred by submitting question one because it fell outside the mandate of the
First Court of Appeals, which remanded the cause Afor
further proceedings only on appellant Richard D. Daly=s counterclaim for declaratory relief . . . and, if
appropriate, for further proceedings on attorney=s fees
. . . .@  Daly argues
that the only issue raised by his counterclaim was whether he had exclusive use
or control of the patio.  Thus, according
to Daly, the trial court abused its discretion by submitting question one
regarding the air space above the patio, as that issue fell outside the mandate
of the First Court of Appeals.  See
Kahn, 37 S.W.3d at 88 (AWhen a case is remanded to the district court with
instructions, that court=s authority is limited to trying only those issues
specified in the appellate court mandate.@).  We
disagree. 








Daly=s counterclaim for declaratory relief asserted that
he could place a satellite dish not only on the patio but also on a mast on the
patio.  Question one related to the
portion of Daly=s counterclaim regarding placement of a satellite
dish on a mast on the patio.  On appeal
following the first trial of this case, the First Court of Appeals explained
that the federal regulation did not prevent the Association from restricting
Daly=s placement of a satellite dish in areas outside
Daly=s exclusive use or control.  See Daly, 59 S.W.3d at 420.  Thus, if Daly did not have exclusive use or
control of the air space above his patio, the federal regulation would not
prevent the Association from restricting Daly=s
placement of a satellite dish on a mast on his patio.  See id.  Question one did not exceed the mandate of
the court of appeals, as it was necessary to determine whether Daly could be
prevented from placing a satellite dish on a mast on his patio. 

Daly also contends that, even if question one did
not exceed the scope of the mandate, the trial court nevertheless erred by
submitting it because the federal regulation specifically prohibits
restrictions on placing satellites on masts located on property within an
antenna user=s exclusive use or control.  According to Daly, the Association could not
restrict his placement of a satellite on a mast on his patio because his patio
was within his exclusive use or control. 
We disagree. 

The applicable federal regulation prohibits
restrictions on the placement of antennas in areas within the exclusive use or
control of the antenna user.  See 47
C.F.R. ' 1.4000.  If
Daly did not have exclusive use or control of the air space above the patio,
the federal regulation would not prevent the Association from prohibiting Daly=s installation of a satellite on a mast on his
patio.  See Daly, 59 S.W.3d at 420
(explaining that the regulation does not apply to common areas).  We therefore conclude that the trial court
did not err in submitting question one. 
Daly=s first issue is overruled.

B.  Question
Two:  A Clearly-Defined Safety Objective








Daly also complains of the trial court=s submission of question two, which asked whether
the Association=s written request for detailed specifications for a
proposed satellite dish on a pole on Daly=s patio was necessary to accomplish a
clearly-defined safety objective.  As the
First Court of Appeals explained in its opinion following the first appeal of
this case, question two would be relevant only if the Association did not prevail
on the issue of exclusive use or control versus common area.  See id. at 421B22.  Because
the Association prevailed on that issue with regard to the air space above the
patio, the inclusion of question two did not affect the judgment in this
case.  Daly lost his patio-mast claim
based on the jury=s answer to question one.  Question two would have become relevant only
if Daly had prevailed on question one, which he did not.  See id.  Accordingly, we cannot conclude that the
inclusion of question two, even if erroneous, probably led to the rendition of
an improper judgment.  See Tex. R. App. P. 44.1(a).  Daly=s second issue is overruled. 

C.  Attorney=s Fees     








In his third issue, Daly argues that he was the
prevailing party in the second trial and that the trial court therefore erred
by failing to award attorney=s fees in his favor. 
We disagree.  The declaratory
judgment act does not require an award of attorney fees to the prevailing
party.  Bocquet v. Herring, 972
S.W.2d 19, 20 (Tex. 1998).  Rather, it
provides that the court Amay@ award attorney fees.  Id. (quoting Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 1997)).  The statute thus affords the trial court a
measure of discretion in deciding whether to award attorney fees.  Id.  Daly has not recognized this discretion or
established how the trial court=s refusal was an abuse of discretion.  Accordingly, we cannot conclude that the
trial court abused its discretion under the declaratory judgment act.  

Daly also contends that he was entitled to attorney=s fees as the prevailing party under the Texas
Condominium Act.  See Tex. Prop. Code Ann. ' 82.161(b) (Vernon 1995).   In relevant part, the condominium act
provides, AThe prevailing party in an action to enforce the
declaration, bylaws, or rules is entitled to reasonable attorney=s fees and costs of litigation from the
nonprevailing party.@  Id.  Again, we disagree with Daly=s contention. 









Daly was not a prevailing party under the
condominium act.  His action for
declaratory relief did not seek to enforce the Declaration; it sought to
invalidate the portion of the Declaration prohibiting him from installing a
satellite dish.   Daly=s counterclaim for declaratory relief asserted that
he could place a satellite dish on his patio or on a mast on his patio.  The only portion of the counterclaim that
Daly arguably prevailed on is placement of a satellite dish on his patio.  Even with this claim, though, the final
judgment of the trial court does not state that Daly can place a satellite dish
on his patio.  The judgment merely states
that the patio is within Daly=s exclusive use or control, which is not the relief
requested in Daly=s counterclaim. 
Daly specifically asked for Aa judicial declaration that Richard D. Daly is
entitled to install a satellite dish . . . on the patio or on a mast on the
patio . . . .@  Based on the
trial court=s finding that the patio was within Daly=s exclusive use or control, a court could conclude
that the federal regulation applies to any restriction applicable to the patio,
but the trial court did not make that conclusion.  In fact, the trial court did not make any
conclusions of law in its final judgment. 
The trial court simply stated that the patio was within Daly=s exclusive use or control and that the air space
above the patio was not.  The trial court=s final judgment did not invalidate any portion of
the Declaration, nor did it give Daly a judgment stating that he could place
the satellite in any location, including the patio.  Accordingly, Daly is not a prevailing party
under the condominium act and the trial court did not err by refusing to award
attorney=s fees to Daly. 
     Daly=s third issue is overruled.

III. 
Conclusion 

For the foregoing reasons, all issues raised on
appeal are overruled and the judgment of the trial court is affirmed.  

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Opinion delivered and filed 

this the 31st day of August, 2005.

 

 











[1] 
Throughout the remainder of this opinion, we apply and refer to only the
current version of 47 C.F.R. ' 1.4000 (effective May 25, 2001),
which the First Court of Appeals applied after explaining that it is Asubstantially the same@ as the 1996 version.  See Daly v. River Oaks Place Council
of Co‑Owners, 59 S.W.3d 416, 422 n.10 (Tex. App.CHouston [1st Dist.] 2001, no pet.).   





[2] 
The FCC
fact sheet provides Ageneral answers to questions that
might arise about the implementation of the rule,@ also known as the Aover-the-air reception devices rule,@ which is created by 47 C.F.R. ' 1.4000.  The fact sheet Ais not the rule itself.@