MEMORANDUM OPINION

No. 04-06-00407-CV

PATRIOT HOMES, INC.,

Appellant

v.

Andres LOPEZ, Jr. ,

Appellee

From the 79th Judicial District Court, Jim Wells County, Texas

Trial Court No. 02-05-40375-CV

Honorable Richard C. Terrell , Judge Presiding




Opinion by: Alma L. López, Chief Justice



Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin , Justice

 Rebecca Simmons , Justice



Delivered and Filed: January 10, 2007



AFFIRMED

 In Patriot Homes, Inc. v. Lopez, No. 04-04-00645-CV, 2005 WL 1676711, at *1 (Tex. App.--San Antonio July 20, 2005,
no pet.), this court reversed the trial court's judgment "as to the rebate amount" and remanded the cause to the trial court
"for entry of judgment that includes an additional $7,741.50 against Andres Lopez, Jr. and in favor of Patriot Homes, Inc.
and a recalculation of the pre and post judgment interest awarded to Patriot Homes, Inc." We explained that the remand
was necessary because a "variance in the calculation of pre-judgment interest included in the trial court's judgment"
precluded this court from rendering the judgment that the trial court should have rendered." Id. at *1 n.1. The brief filed by
Patriot Homes in that appeal did not raise any issue regarding the trial court's refusal to award it attorney's fees even though
the trial court's judgment awarded Patriot Homes breach of contract damages. See Tex. R. App. P. 38.1(e) (providing that
brief must state concisely all issues or points presented for review).

 On remand, Patriot Homes filed additional motions with the trial court again seeking to recover attorney's fees. When an
appellate court remands a case and limits a subsequent trial to a particular issue, the trial court's authority is limited to trying
only those issues specified in the appellate court mandate. Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986); Kahn v.
Seely, 37 S.W.3d 86, 88 (Tex. App.--San Antonio 2000, no pet.). Because Patriot Homes failed to challenge the trial court's
refusal to award it attorney's fees in the initial appeal, the award of such fees was outside the scope of the remand. See City
of Garland v. The Dallas Morning News, Inc., No. 05-01-01994-CV, 2002 WL 31662724, at *2 (Tex. App.--Dallas Nov.
27, 2002, no pet.); see also Kahn, 37 S.W.3d at 88.

 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice