# NO. 12-10-00163-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JON ERIC JACKS, INDIVIDUALLY, AND d/b/a JON ERIC JACKS DEVELOPMENT, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *G. A. BOBO, JR., APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jon Eric Jacks, individually and d/b/a Jon Eric Jacks Development, appeals the trial court's judgment entered in favor of Appellee G.A. Bobo, Jr. In four issues, Jacks challenges the trial court's awards of attorney's fees to Bobo. We affirm in part, reverse and remand in part, and reverse and render in part.

## BACKGROUND

Jacks purchased lots 5, 6, and 7 in Block 5 of the Green Acres Subdivision in Longview, Texas. There, Jacks planned to construct a garden home gated development comprising eight houses on the three lots facing a private street in its center that would terminate in a cul-de-sac.

Bobo owned, and for over fifty years had lived on, lot 10, block 6 of the subdivision across Oxford Lane from Jacks's three lots. In 2007, Bobo filed suit to compel Jacks's compliance with the restrictive covenants for the subdivision. These restrictive covenants required homes on lots in the subdivision (1) to front the street upon which each lot faces and (2) to be set back thirty-five feet from the front property line. Bobo also requested damages under Texas Property Code, subsection 202.004(c) for each day's violation of the restrictive covenants.

Following a bench trial, the trial court permanently enjoined Jacks from violating the restrictive covenants and awarded Bobo $8,200 in damages as well as attorney's fees apportioned as follows: (1) $6,000 through trial and the entry of judgment, (2) $8,000 in the event of an unsuccessful appeal to the court of appeals, (3) $1,500 in the event a petition for review was filed with the Supreme Court of Texas, and (4) $4,000 in the event the petition for review was granted, for briefing and argument before the Supreme Court of Texas. Jacks appealed.

We affirmed the trial court's judgment granting a permanent injunction, reversed the trial court's judgment awarding Bobo $8,200 in damages under subsection 202.004 of the Texas Property Code, rendered judgment that Bobo take nothing on that claim, reversed the trial court's award of attorney's fees to Bobo, and remanded the cause to the trial court for reconsideration of the question of appropriate attorney's fees. *See Jacks v. Bobo*, No. 12-07-00420-CV, 2009 WL 2356277, at *8 (Tex. App.—Tyler 2009, pet. denied) (mem. op.). Jacks filed a petition for review with the Texas Supreme Court, which was denied, and thereafter filed a motion for rehearing, which was also denied.

On remand, the trial court conducted a hearing to determine the amount of attorney's fees to be awarded to Bobo. At the hearing, only Bobo's attorney, Joe Young, testified. Young testified that only one and three-quarter hours of his time had been devoted to recovery of damages under subsection 202.004 of the property code during the trial of the case. Young further testified that he spent "maybe an hour" on the issue during the appeal. Young also requested additional attorney's fees for the three hours spent preparing for the hearing and the two hours he estimated it would take to prepare an amended judgment. Finally, Young made an estimate concerning the amount of time that he would spend if Jacks pursued a motion for new trial, pursued an appeal, and filed a petition for review with the Texas Supreme Court. Jacks conducted a very brief cross-examination and asked Young if his invoices specified the amount of time he spent on each subject. Young testified that no such invoices existed, but stated that he was asking the trial court to "go by [his] word" regarding his time calculations. Thereafter, the trial court took judicial notice of all prior proceedings.

Ultimately, the trial court reduced its original award of attorney's fees to Bobo for trial preparations by $306.25 (the equivalent of one and three-quarter hours of time) to $5,693.75. The trial court also reduced the attorney's fees awarded for the initial appeal by $175 (the

equivalent of one hour of time) to $7,825. Moreover, the trial court awarded Bobo $600 in attorney's fees for his time spent preparing and trying the attorney's fees issue as well as $400 for his time spent preparing and seeking entry of the amended judgment. The trial court also awarded Bobo $800 in attorney's fees in the event that Jacks filed a motion for new trial that was overruled by the trial court, $6,000 in the event that Jacks pursued an unsuccessful appeal to this court, $1,200 in the event that Jacks filed an unsuccessful petition for review to the supreme court, and $4,000 in the event that review was granted by the supreme court, but Jacks's appeal was unsuccessful. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision to either grant or deny attorney's fees under an abuse of discretion standard. *See Ridge Oil Co., Inc. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). In contrast, we review a trial court's determination regarding the amount of attorney's fees for legal and factual sufficiency of the evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Similarly, we review for legal and factual sufficiency a fact finder's determination regarding the segregation of attorney's fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). When determining whether an award for attorney's fees is excessive, we may "look at the entire record and view the matter in light of the testimony, the amount in controversy, the nature of the case, and the court's own common knowledge and experience[.]" *McFadden v. Bresler Malls, Inc.*, 548 S.W.2d 789, 790 (Tex. App.–Austin 1977, no writ).

In a nonjury trial, when, as here, a trial court makes no separate findings of fact or conclusions of law, we must assume that the trial court made all findings in support of its judgment. *Pharo v. Chambers Co.*, 922 S.W.2d 945, 948 (Tex. 1996). The trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). Further, when, as here, the appellate record includes the reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

A trial court's implied findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's

verdict. *See Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When reviewing a finding of fact for legal sufficiency, we may set aside the finding only if the evidence at trial would not enable a reasonable and fair minded finder of fact to make the finding under review. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *See Hopkins*, 238 S.W.3d at 557. The finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Hopkins*, 238 S.W.3d at 557. The finder of fact is free to believe one witness and disbelieve another, and a reviewing court may not impose its own opinions to the contrary. *See id*. Accordingly, reviewing courts must assume that the finder of fact decided all credibility questions in favor of the findings if a reasonable person could do so. *Id*. If a reasonable finder of fact could have so found, we must assume that the finder of fact chose what testimony to disregard in a way that was in favor of the findings. *Id.* A finder of fact "may disregard even uncontradicted and unimpeached testimony from disinterested witnesses" where reasonable. *Hopkins*, 238 S.W.3d at 557 (quoting *City of Keller*, 168 S.W.3d at 819–20).

In addition, it is within the fact finder's province to resolve conflicts in the evidence. *Hopkins*, 238 S.W.3d at 557. Consequently, we must assume that, where reasonable, the finder of fact resolved all conflicts in the evidence in a manner consistent with the findings. *Id*. Where a reasonable finder of fact could resolve conflicting evidence either way, we must presume the finder of fact did so in favor of the findings. *Id.* Where conflicting inferences can be drawn from the evidence, it is within the province of the finder of fact to choose which inference to draw, so long as more than one inference can reasonably be drawn. *Id*. Therefore, we must assume the finder of fact made all inferences in favor of the findings if a reasonable person could do so. *Id*.

With regard to factual sufficiency challenges, where a party who did not have the burden of proof on an issue asserts that a trial court's finding of fact is contrary to the evidence, we must overrule the complaint unless the finding is clearly wrong and manifestly unjust. *See Santa Fe Petroleum, L.L.C. v. Star Canyon Corp.*, 156 S.W.3d 630, 637 (Tex. App.–Tyler 2004, no pet.) (citing *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965)). "Reversal [can] occur because the finding [is] based on weak or insufficient evidence or because the proponent's proof, although

adequate if taken alone, is overwhelmed by the opponent's contrary proof." *Santa Fe Petroleum*, 156 S.W.3d at 637. In conducting our factual sufficiency review, we must consider all of the evidence that supports and that which is contrary to the finding. *Sosa v. City of Balch Springs*, 772 S.W.2d 71, 72 (Tex. 1989).

When reviewing factual sufficiency issues arising from a bench trial, we are mindful that the trial court, as the trier of fact, is the sole judge of the credibility of the witnesses. *See Hopkins*, 238 S.W.3d at 557. The trial court may take into consideration all of the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Hopkins*, 238 S.W.3d at 557–58. Where there is enough evidence before the trial court so that reasonable minds could differ concerning the meaning of that evidence, or the inferences and conclusions to be drawn therefrom, we may not substitute our judgment for that of the trial court. *See Hopkins*, 238 S.W.3d at 558.


## ATTORNEY'S FEES FOR THE INITIAL TRIAL

In his third issue, Jacks argues that Bobo's evidence regarding segregation of recoverable attorney's fees between the time he spent obtaining the injunction and the unrecoverable attorney's fees for the time he spent obtaining damages is inconsistent and unreliable. We construe Jacks's third issue as a challenge to the legal and factual sufficiency of Bobo's evidence of segregation of recoverable attorney's fees. *See* Tex. R. App. P. 38.1(f).

### Applicable Law

Generally, a party may not recover attorney's fees unless such an award is authorized by statute or contract. *Chapa*, 212 S.W.3d at 311. A party who brings an action based on breach of a restrictive covenant pertaining to real property may recover reasonable attorney's fees. TEX. PROP. CODE ANN. § 5.006(a) (Vernon 2004). In determining its award of reasonable attorney's fees, the trial court considers the time and labor required, the novelty and difficulty of the questions, the expertise, reputation, and ability of the attorney, and any other relevant factors. *See id.* § 5.006(b).

Because trial courts do not have the inherent authority to award attorney's fees, claimants must segregate fees between claims for which fees are recoverable and claims for which they are not. *Chapa*, 212 S.W.3d at 311. If any attorney's fees relate solely to a claim for which fees are not recoverable, the claimant must segregate the recoverable fees from the unrecoverable fees.

*See id*. at 313.  A common set of underlying facts is not enough.  *Id*.  This intertwined facts exception applies only when discrete legal services advance both a recoverable claim or claims and an unrecoverable claim or claims.  *Id*. at 313–14.  Then, and only then, is it unnecessary to segregate attorney's fees.  *Id*. at 314.

A failure to segregate attorney's fees does not mean that the claimant cannot recover any attorney's fees.  *See id*.  To the contrary, the amount of unsegregated attorney's fees for the entire case is some evidence of the amount of segregated attorney's fees.  *See id*.  Thus, if a claimant fails to segregate attorney's fees, we reverse and remand the cause for a new trial on attorney's fees.  *See id*.

Attorney's fees are typically proven by eliciting opinion testimony from lawyers testifying as expert witnesses.  *See* 2 WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE § 22.41 (2009).  This opinion testimony may come either from a disinterested attorney or an attorney whose fees are in question in the case.  *See id*.  Generally, the testimony of an interested witness does no more than raise a fact issue.  *See **Ragsdale v. Progressive Voters League***, 801 S.W.2d 880, 882 (Tex. 1990).

## Application

The evidence reflects that Bobo's attorney spent one and three-quarter hours on the unrecoverable claim under subsection 202.004(c) through trial, and less than one-half hour on research.  There is a stark contrast between the testimony Bobo's attorney gave at the initial trial compared to his testimony on remand.  At the initial trial, Bobo's attorney testified that he prepared three pages of billing records detailing the work he did.  But at the hearing on remand, Bobo's attorney testified he had no such invoices.[1]

While we are somewhat troubled by Bobo's evidence, he nonetheless provided clear testimony that, if believed, supports the trial court's judgment.  Further, although Jacks complains that Bobo's attorney testified that he spent four hours researching waiver before the initial trial, that time could have been related to waiver of restrictive covenants, and thus, was recoverable.

---

[1] During a hearing on Jacks's Objections to and Motion to Modify and Reform Judgment and Motion to Impeach Testimony, Bobo's attorney stated that he answered the question correctly because he had not billed anybody since the initial trial.  However, Jacks asked if there were any invoices specifying the amount of work done on recoverable versus unrecoverable claims.

We have reviewed the entirety of the record, including Bobo's attorney's testimony at the initial trial and the testimony proffered on remand. Having done so, we have not found any testimony that clearly demonstrates that Bobo's attorney spent more time than he claimed on the damages issue. It is apparent that Jacks does not find Bobo's attorney's testimony to be credible. But the trial court specifically found that Bobo's attorney did not mislead the court or commit perjury. Jacks had an opportunity to extensively cross-examine Bobo's attorney. But instead, he chose to conduct only a cursory cross-examination.

We are mindful that the issue before us is whether a reasonable fact finder could believe the testimony. *Hopkins*, 238 S.W.3d at 557. We further note that the trial court is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Id.* Here, the trial court was familiar with the issues in the original trial and was in a better position than is this court to decide whether it is reasonable that only one and three-quarter hours of time was spent on unrecoverable claims. Based on our review of the record, we are satisfied that there was sufficient evidence before the trial court to support its award of attorney's fees for the initial trial and, thus, we defer to its determinations. *See id*. at 558. Jacks's third issue is overruled to the extent that it relates to the award of attorney's fees for the initial trial.

### ATTORNEY'S FEES FOR THE INITIAL APPEAL

In his first issue, Jacks argues that Bobo cannot recover attorney's fees for the initial appeal because the original trial court judgment conditioned payment of attorney's fees on an unsuccessful appeal by Jacks and Jacks's initial appeal was not unsuccessful. Additionally, as part of his third issue, Jacks argues that Bobo's evidence related to the segregation of attorney's fees is inconsistent and unreliable, an issue that we again construe as challenging the legal and factual sufficiency of Bobo's evidence of segregation of recoverable attorney's fees. *See* TEX. R. APP. P. 38.1(f).

**Applicable Law**

A party should not be penalized for taking a successful appeal. *Schlueter v. Schlueter*, 975 S.W.2d 584, 590 (Tex. 1998). Thus, the trial court must make the award of attorney's fees to an appellee contingent upon the appellant's unsuccessful appeal. *Hous. Livestock Show & Rodeo, Inc. v. Hamrick*, 125 S.W.3d 555, 586 (Tex. App.–Austin 2003, no pet.). An appellee may not recover attorney's fees for work performed on any issue of the appeal where the

appellant was successful. ***Smith v. Smith***, 757 S.W.2d 422, 426 (Tex. App.–Dallas 1988, writ denied). However, an appellee may still recover attorney's fees for work performed on any issue of the appeal where the appellant was unsuccessful. ***Id***. Thus, as with his recoverable and unrecoverable claims in the trial court, an appellee must segregate his appellate attorney's fees when the appellant is partially successful in an appeal. *See **id**.*

**Application**

Similar to his evidence of attorney's fees at the initial trial, Bobo's evidence regarding time spent on the damages issue in his initial appeal is surprising. Bobo's attorney testified that he "spent maybe an hour reviewing what [Jacks] had pled and briefed . . . [a]nd ultimately determined that [he did not feel] like we needed to respond to that." As a result, Bobo claimed that only an hour of time should be deducted from the attorney's fees conditionally awarded by the trial court for the initial appeal.

Bobo's evidence fails to account for all time spent on the issue of damages during the initial appeal. Bobo's attorney's testimony establishes that he spent time addressing the issue of damages in his brief. That time dedicated to the damages issue did not bear fruit. Rather, Jacks was successful on the damages issue and, as a result, should not be penalized. *See **Schlueter***, 975 S.W.2d at 590. The fact that Bobo focused his arguments on waiver rather than on the merits of the damage issue is of no consequence. Bobo's attorney spent time addressing an issue on which Jacks was successful. That time could have been segregated from the recoverable fees, but was not.

Further, Jacks has noted another portion of Bobo's attorney's appellate work that is not recoverable. Bobo filed a reply brief in which one of the two pages of argument was dedicated to the damages issue. The time spent on this endeavor also is unrecoverable and must be segregated from the recoverable attorney's fees.

Accordingly, we overrule Jacks's first issue as well as the part of his third issue in which Jacks seeks to completely disallow Bobo's recovery of attorney's fees for the initial appeal. We sustain Jacks's first issue and that portion of Jacks's third issue regarding attorney's fees incurred in the initial appeal to the extent that Jacks complains there is not sufficient evidence that Bobo properly segregated recoverable attorney's fees from unrecoverable attorney's fees.

**ADDITIONAL ATTORNEY'S FEES AWARDED ON REMAND**

In his second issue, Jacks argues that the trial court erred by awarding Bobo additional attorney's fees on remand that were not included in the trial court's judgment for the initial trial. In his fourth issue, Jacks argues that he was penalized for taking a successful appeal because, on remand, the trial court awarded attorney's fees in excess of the attorney's fees originally awarded.

## Applicable Law

When a case is remanded to the trial court, the trial court's authority is limited so that no issue can be tried except under the authority of the mandate. *Michna v. City of Houston*, 534 S.W.2d 728, 730 (Tex. Civ. App.–Houston [1st Dist.] 1976, writ ref'd n.r.e.); *see also Kahn v. Seely*, 37 S.W.3d 86, 87 (Tex. App.—San Antonio 2000, no pet.) (trial court was to delete from judgment certain damages and reterminate partnership, not hear new evidence for determining net amount to be split between partners). When a trial court does not comply with a mandate from an appellate court, the trial court abuses its discretion. *Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding). Further, the general rule is that postjudgment attorney's fees may not be determined after appeal on remand to the trial court. *Varner v. Cardenas*, 218 S.W.3d 68, 70 (Tex. 2007).

## Application

On remand, the trial court made several new awards of attorney's fees that were not contained in its original judgment. The trial court awarded Bobo $600 in attorney's fees for preparation and trial of the attorney's fees issue, $400 for preparation and entry of the amended judgment, $800 in attorney's fees if Jacks filed a motion for new trial that was overruled by the trial court, and $6,000 if Jacks pursued an unsuccessful appeal of the trial court's amended judgment after remand to this court.

However, our opinion specifically referenced the trial court's previous award to Bobo of $6,000 for attorney's fees through the initial trial and $8,000 in the event of an unsuccessful appeal to this court. Because Jacks was successful in appealing a portion of the judgment from that initial trial, we remanded the cause to the trial court for reconsideration of those previously awarded attorney's fees. Likewise, we reversed the trial court's previous award of attorney's fees and remanded the cause for reconsideration of those fees in light of our opinion. Nothing in

our opinion or our mandate authorized the trial court to award additional attorney's fees to Bobo. Similar to the facts in **Kahn**, the trial court should have deleted those portions of the attorney's fees previously awarded for work related to an unrecoverable claim, but it should not have considered evidence related to additional attorney's fees. Therefore, because the trial court exceeded its authority under our mandate, it abused its discretion. Jacks's second and fourth issues are sustained.

## DISPOSITION

We have overruled Jacks's third issue to the extent it relates to attorney's fees for the initial trial, as well as Jacks's first and third issues to the extent that Jacks seeks to completely disallow Bobo's recovery of attorney's fees for the initial appeal. We have sustained Jacks's first issue and part of Jacks's third issue regarding attorney's fees incurred on the initial appeal to the extent that Jacks complains of Bobo's failure to properly segregate recoverable fees from unrecoverable fees. We have further sustained Jacks's second and fourth issues.

Accordingly, we *reverse* the trial court's award of attorney's fees to Bobo for the initial appeal of $7,825, and *remand* the cause to the trial court for determination of the attorney's fees to be awarded to Bobo with consideration given to the amount of attorney's fees related to work on any aspect of the damages issue in the initial appeal. The trial court is instructed to reduce the appellate fees award accordingly and not to consider any increase in the award or any additional award of attorney's fees to Bobo.

We also *reverse* the trial court's award of attorney's fees to Bobo for work performed on remand—$600 for attorney's fees for preparation and trial of the attorney's fees issue, $400 for preparation and entry of the amended judgment, $800 for attorney's fees if Jacks filed a motion for new trial that was overruled by the trial court, and $6,000 if Jacks pursued an unsuccessful appeal to this court of the trial court's amended judgment after remand—and *render* judgment that Bobo recover no attorney's fees for work performed on the initial remand of this cause.

We *affirm* the remainder of the trial court's judgment.

**BRIAN T. HOYLE**
Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)